347 So.2d 195 (1977)
STATE of Louisiana
v.
Donald Ray ADAMS.
No. 59093.
Supreme Court of Louisiana.
June 20, 1977.
*196 Bryan E. Bush, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph Roy, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Donald Ray Adams was charged by bill of information with aggravated arson in violation of La.R.S. 14:51. After trial by jury, defendant was found guilty as charged and was sentenced to serve ten years at hard labor with credit given toward service of sentence for time spent in custody prior to imposition of sentence. Defendant designated nine errors to be urged on appeal in his assignment of errors filed in the trial court. Since he has neither briefed nor argued Assignments of Error Nos. 2, 3, 4, 5, 6, 7 and 9, we consider them to have been abandoned.[1] Accordingly, only Assignments of Error Nos. 1 and 8 remain for our consideration in this appeal. We find it more appropriate to review them in reverse order.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in denying the motion for continuance filed on the day of trial. He argues that the state's failure to furnish responses to his motion for a bill of particulars and to supply a transcript of taped statements made by him while under interrogation as well as a copy of the State Fire Marshal's report as requested in his prayer for oyer made it impossible for him to properly prepare his defense. The state denies that its failure to furnish these responses and documents prejudiced his defense in view of the fact that the information requested by defendant in his motion for a bill of particulars was revealed to him at the preliminary examination and that a complete transcript of the statements was furnished to him on the day of trial prior to its commencement.
At the preliminary examination which was held on October 31, 1975, Martin N.
*197 Fritcher, the district supervisor for the State Fire Marshal, testified that he conducted the investigation of a fire which occurred on June 4, 1975, at approximately 4:46 a. m. and which destroyed a building occupied at the time by Frank Spurrell and owned by Mac Johnson. Investigation as to the cause of the blaze revealed that it resulted from someone setting fire to a mattress stored in the building with a match. Fritcher further testified that because defendant, an employee of the owner of the building, had been observed by firemen at the scene of the fire when they arrived, he was subpoenaed by the State Fire Marshal's Office for questioning that same morning as a possible witness. During the course of the interrogation, defendant made three statements which were recorded on tape. Two of these statements were exculpatory in nature but in the last statement defendant confessed that he had set fire to the building to get even with its owner with whom he was having a dispute over his wages. Defendant was then arrested. At the conclusion of Deputy Fritcher's testimony, defendant made an oral prayer for oyer seeking production of the transcript of these statements which prayer was granted by the trial judge. Although the state agreed to furnish a copy of the transcript to defense counsel, no such copy was provided at that time.
Subsequent to the preliminary examination, defendant was granted two continuances, one to permit his newly-appointed counsel additional time with which to confer with him and the other to avoid a conflict in his counsel's trial schedule. Trial was scheduled to commence on June 10, 1976. On May 20, 1976, defendant filed a motion for a bill of particulars in which he sought information as to the time of the fire, its cause, the time of his arrest, the names of the arresting officers, the name of any occupant of the building, and information as to the contents of the State Fire Marshal's report. On the same day, defendant also filed a prayer for oyer in which he again requested a transcript of any inculpatory statement, written or taped, made by him to state officers and a copy of the State Fire Marshal's report. Although orders to furnish these answers and documents were signed by the trial judge, the orders were in the alternative to show cause why the responses and documents should not be provided if the state elected to resist their production. The dates for production of the responses and documents or alternatively to show cause why they should not be furnished were left blank in the orders. No answers or documents were furnished by the state. On the day of trial (June 10), defendant moved for a continuance asserting that the state's failure to produce the requested information prejudiced his defense. The motion was denied by the trial judge. Immediately thereafter, defendant was furnished by the state with a copy of the taped statements.
La.Code Crim.P. art. 712 provides:
A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.
It is well settled that the granting or refusal of a motion for a continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Bennett, 341 So.2d 847 (La.1976); State v. Jarrow, 331 So.2d 1 (La.1976); State v. Sosa, 328 So.2d 889 (La.1976).
The function of a bill of particulars is to inform the defendant more specifically of the nature and cause of the charge against him. La.Code Crim.P. art. 484; State v. O'Blanc, 346 So.2d 686 (La.1977); State v. Jones, 332 So.2d 466 (La.1976); State v. Monk, 315 So.2d 727 (La.1975). In the present case, the facts sought to be discovered by defendant in his motion for a bill of particulars were revealed to him at the preliminary examination. The chief investigator in the case, Deputy Fritcher, testified as to the events surrounding the fire and defendant's arrest and was subject to cross-examination by defendant. Moreover, the transcript of the preliminary examination held on October 31, 1975 was filed in *198 the record on January 27, 1976 (some four months before trial). In light of the facts recited in the bill of information which charged defendant with aggravated arson and those testified to at the preliminary examination, defendant was adequately informed of the nature and cause of the charge against him. Therefore, he was not prejudiced in his defense by the state's failure to answer his motion for a bill of particulars. We find no abuse of discretion by the trial judge in denying defendant's motion for continuance on this ground.
With respect to defendant's prayer for oyer, although he was not furnished with a transcript of the statements until the morning of trial, defendant had made no showing that the delay prejudiced his defense. Moreover, in spite of the fact that defendant was aware that the state possessed the taped statements as early as the date of the preliminary examination (October 31, 1975), he took no steps to suppress or to compel production of them until he filed his prayer for oyer on May 20, 1976. In light of these circumstances, we find no abuse of discretion in the trial judge's denial of defendant's motion for continuance on this ground.
In sum, Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to suppress and admitting in evidence statements made by him while under interrogation on the ground that they were not freely and voluntarily made. He argues that the statements were not free and voluntary since he was induced to make them by promises of medical treatment and leniency on pending charges if he cooperated and since he was intoxicated during the period in which he was under interrogation.
On the day of trial, defendant filed a motion to suppress three statements made by him during an interrogation conducted by state fire officials and police officers on the day that the crime was committed. The trial judge referred the motion to the merits. During the trial, outside of the presence of the jury, a suppression hearing was conducted. The state offered the testimony of Deputy Fritcher as to what transpired during the questioning. Fritcher testified that defendant arrived at the State Fire Marshal's Office about 9:00 a. m. on the day of the fire (June 4) in compliance with a subpoena. Prior to the commencement of the interrogation, Fritcher testified that he had informed defendant of his Miranda rights, whereupon defendant indicated that he understood his rights and signed the waiver form. Although the questioning was conducted for the most part by Deputy Fritcher, Deputies Geter, Thompson and Dickerson also participated. Defendant's wife and child were permitted to wait for him outside of the interrogation room during the questioning. Fritcher testified that defendant was offered food and drink and that refreshment was also provided to his wife and child. Furthermore, defendant was permitted to leave the room during the interrogation. Although the questioning lasted from 9:00 a. m. to 2:30 p. m., Fritcher stated that questioning during this period was not continuous since the officers were also interrogating other witnesses during that time. Three statements were made by defendant, the last of which was a confession in which he related that he set fire to the building because of a grudge that he had against its owner. Deputy Fritcher explicitly denied that he or any other officer in his presence promised defendant medical treatment or leniency on any charge in return for his cooperation. He also denied that defendant was drunk, testifying that there was no smell of alcohol nor was any drunken behavior exhibited by him. Deputy Geter's testimony corroborated that of Deputy Fritcher and he likewise denied that defendant was intoxicated when he was questioned or that he was promised anything in an attempt to coerce him to confess.
To rebut the state's showing of the voluntariness of the confession, defendant called to the stand Deputy Clark who testified that about an hour before the fire was set, *199 he discovered defendant asleep in the cab of his truck with the motor running. The deputy stated that at that time defendant was highly intoxicated. Defendant's drunken condition around the time of the fire was further attested to by his wife. Defendant himself testified that he was still under the influence of alcohol when he was interrogated later that day and that he did not recall making any statement as to his alleged involvement in the crime. Moreover, he testified that Deputy Fritcher had promised him lenient treatment on charges pending against him and medical help if he cooperated.
Before a confession can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; La. Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La. R.S. 15:453; State v. Ross, 343 So.2d 722 (La. 1977); State v. Cotton, 341 So.2d 355 (La. 1976). Where the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of the interrogation, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate the defendant's comprehension and to render him unconscious of what he is saying. Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact. State v. Green, 343 So.2d 149 (La. 1977); State v. Manuel, 253 La. 195, 217 So.2d 369 (1968). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Ross, supra; State v. Demourelle, 332 So.2d 752 (La.1976); State v. Sims, 310 So.2d 587 (La. 1975).
In the instant case, defendant's allegation that he was promised medical treatment and leniency on pending charges if he confessed to the crime was uncorroborated. The testimony of Deputies Fritcher and Geter at the suppression hearing directly conflicted with defendant's version of the alleged coercive incident. Furthermore, both Fritcher and Geter denied that defendant was under the influence of alcohol when he was interrogated, testifying that he understood the questions asked of him and was aware of his responses.
After reviewing the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been fully advised of his Miranda rights. State v. Ross, supra; State v. Demourelle, supra; State v. Sims, supra. Accordingly, the trial judge did not err in denying defendant's motion to suppress and in admitting the confession in evidence.
Assignment of Error No. 1 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs not fully agreeing with treatment of assignment No. 8.
NOTES
[1] State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).