349 So.2d 318 (1977)
STATE of Louisiana
v.
Earl HUTTO.
No. 59341.
Supreme Court of Louisiana.
July 1, 1977.
Rehearing Denied September 2, 1977.
*319 James B. O'Neill, Zwolle, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Herman L. Lawson, Asst. Dist. Atty., for plaintiff-appellee.
*320 MARCUS, Justice.
Earl Hutto and Rocky Tyler were charged in the same bill of information with aggravated criminal damage to property in violation of La.R.S. 14:55.[1] After trial by jury, Hutto was found guilty as charged and was sentenced to serve five years at hard labor. On appeal, defendant relies on three assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in denying his motion for a mistrial made during the voir dire examination of the prospective juror, W. A. Barnard.
On voir dire examination of Barnard by the state, Barnard indicated that, although he had heard rumors about the case which were circulating among the residents of Pleasant Hill, Louisiana, where the crime was allegedly committed, he had no preconceived notion of defendant's guilt or innocence. After completion of examination by the state, the prospective juror was examined by defense counsel who delved into what Barnard had heard about the case. After in-depth questioning by defense counsel, Barnard candidly admitted that defendant was rumored to be the individual who had fired a shot at a house occupied by Jere Gregory and his family. Immediately, defense counsel challenged the prospective juror for cause which challenge was allowed by the trial judge. Defendant then moved for a mistrial arguing that Barnard's statement uttered in the presence of other prospective jurors was so prejudicial as to make it impossible for him to obtain a fair trial. The trial judge denied the motion. No admonition was requested by defense counsel.
Voir dire examination of prospective jurors is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. State v. Ford, 349 So.2d 300 (La.1977); State v. Sheppard, 263 La. 379, 268 So.2d 590 (1972). The questions propounded by defense counsel to the prospective juror in the instant case were designed to ferret out any potential adverse influence on Barnard's ability to render an impartial verdict. Although the prospective juror's candid response provided a justifiable basis for the exercise of a challenge for cause, it did not warrant the declaration of a mistrial. Mistrial is a drastic remedy to be sparingly granted and is only authorized in specified instances where unnecessary prejudice results to an accused. State v. Governor, 331 So.2d 443 (La.1976); State v. Sylvester, 298 So.2d 807 (La.1974); State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972). No showing was made that the response of the excused juror to the inquiry of defense counsel affected the other jurors. Nor do we find that any undue prejudice resulted therefrom. We consider that the prospective juror's response was an honest and frank answer to defense questions directed toward discovering partiality or bias on the part of the juror. Therefore, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in denying his motion for a mistrial based upon the reference of a state witness in her testimony to another crime committed by defendant.
At trial, the state called to the stand Mrs. Jere L. Gregory, an occupant of the house which was damaged by a shotgun blast fired through a kitchen window. On direct examination, the following colloquy occurred:
Q. Do you know the Defendant, Earl Hutto?
A. I didn't know him until the night before he robbed our store.
*321 Immediately, defense counsel objected to the witness' remark and moved for a mistrial or, in the alternative, an admonition to the jury to disregard the statement. After the jury was removed from the courtroom, defense counsel asserted that, although the "remark was certainly not solicited by the [s]tate," it should be attributed to the prosecution since the witness was under the control of the state. Therefore, it was argued, the remark constituted a prohibited reference to another crime attributable to the state thereby mandating a mistrial under La.Code Crim.P. art. 770. In opposition to the motion for a mistrial, the state argued, inter alia, that the witness' remark was not within the scope of La.Code Crim.P. art. 770, but rather that La.Code Crim.P. art. 771 was the applicable article. Accordingly, an admonition would be sufficient to dispel any prejudice which might have resulted. After a brief recess, the trial judge denied the motion concluding that any prejudicial effect of the remark could be sufficiently corrected by an admonition to the jury to disregard the witness' statement. The jury returned to the courtroom and was so instructed. No further mention of the robbery was made thereafter during trial.
A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.Code Crim.P. art. 770(2). However, Mrs. Gregory was not a "court official," therefore article 770 does not apply. Rather, the applicable provision is La.Code Crim.P. art. 771. State v. Hardy, 344 So.2d 1018 (La.1977); State v. Jones, 332 So.2d 466 (La.1976); State v. Lepkowski, 316 So.2d 727 (La.1975); State v. Clark, 288 So.2d 612 (La.1974).
La.Code Crim.P. art. 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
. . . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
In the instant case, by defense counsel's own admission, the reference to another crime was not deliberately obtained by the design of the prosecutor to prejudice the rights of defendant. Furthermore, the witness' remark went beyond the scope of the question propounded to her as to her knowledge of defendant, an inquiry which called for a simple affirmative or negative response. Her remark was therefore unsolicited and unresponsive to the prosecutor's question. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for the reversal of a conviction. State v. Hardy, supra; State v. Davis, 339 So.2d 825 (La.1976); State v. Jones, supra; State v. Luneau, 323 So.2d 770 (La.1975); State v. Lewis, 315 So.2d 626 (La.1975). The admonition by the trial judge to the jury to disregard the witness' statement was sufficient to dispel any prejudice which might have been created and to assure defendant a fair trial. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 2 lacks substance.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in admitting in evidence a written confession made by him while under *322 interrogation on the ground that it was not freely and voluntarily made. He argues that the free and voluntary nature of the confession was vitiated by several factors, namely, that he was intoxicated at the time that he confessed to the crime; the interrogation was conducted in a small confined area in the presence of three armed policemen; against his will, he was induced to confess by the deputies' remarks to "make it light" for himself; he was falsely advised that Rocky Tyler, his co-participant in the offense, had implicated him in the crime; and lastly he was not informed of his rights to confer with counsel during interrogation. Prior to trial, no motion to suppress the written confess was filed by defendant.
During the trial, outside of the presence of the jury, a suppression hearing was conducted during which the state offered testimony of the Chief of Police of Pleasant Hill, Willie A. Cobb, and Deputy Sheriffs Travis Bennett and Tommy Raimond. Cobb testified that defendant was arrested on the evening of October 30, 1975 at which time he was advised of his Miranda rights. On the afternoon of the following day, defendant was taken to an interrogation room at the sheriff's office measuring ten feet by ten feet where he was again informed of his Miranda rights by Deputy Bennett in the presence of Chief Cobb and Deputy Raimond and executed a waiver of rights form prior to questioning. Cobb testified that, although defendant's demeanor indicated that he had been drinking, he appeared to understand what he was saying. Defendant agreed to make a statement and indicated that he did not wish to exercise his right to counsel. Cobb further testified that defendant was not threatened or promised leniency in an attempt to coerce him to confess. Moreover, in view of the fact that Tyler, defendant's co-participant in the offense, had not been questioned by police officials prior to defendant's interrogation, Cobb denied that he had advised defendant that Tyler had implicated him in the crime. At the conclusion of approximately twenty-five minutes of questioning, defendant confessed to the crime. The testimony of Deputies Bennett and Raimond corroborated that of Chief Cobb in that they likewise denied that defendant had been coerced to confess or that he was intoxicated to such a degree that he was not aware of what he was saying.
To rebut the state's showing of the voluntariness of the confession, defendant testified that, although he initially refused to make a statement, he was induced to confess his involvement in the offense by the deputies' remarks to "make it light" on himself and by information relayed to him by Cobb that Tyler had related defendant's participation in the incident. Defendant admitted that he was advised of his right to counsel, that he refused such assistance, and that the confession was not the product of fear, duress, intimidation, menaces, threats, inducements or promises. Defendant did not testify as to his intoxication at the time of the confession. On the contrary, during cross-examination, he admitted that he had been in custody for a period of ten hours prior to entering his confession, during which period he had nothing to drink.
Before a confession may be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453; State v. Adams, 347 So.2d 195 (La.1977); State v. Ross, 343 So.2d 722 (La.1977); State v. Cotton, 341 So.2d 355 (La.1976). Where the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of interrogation, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate defendant's comprehension and to render *323 him unconscious of what he is saying. Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact. State v. Adams, supra; State v. Green, 343 So.2d 149 (La.1977); State v. Manuel, 253 La. 195, 217 So.2d 369 (1968). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Adams, supra; State v. Ross, supra; State v. Demourelle, 332 So.2d 752 (La.1976); State v. Sims, 310 So.2d 587 (La.1975).
In the instant case, defendant's allegation that he was induced to confess because of the misrepresentation by Chief Cobb that his co-participant had implicated him in the offense was uncorroborated and was specifically denied by Cobb. By defendant's own admission, the confession was made freely and voluntarily after his Miranda rights were recited to him and after he had rejected the assistance of counsel. Furthermore, in spite of the fact that defendant's demeanor indicated that he had been drinking prior to interrogation, the officers testified that he understood the questions asked of him and was aware of his responses. Defendant's testimony at the suppression hearing exhibited his total recall of the interrogation thereby negating any allegation that his intoxication rendered him unconscious of his actions while under interrogation. In ruling the confession free and voluntary, the trial judge noted that the length of time between defendant's arrest and his confession did not support the "possible theory that any drinking might have affected him" in the giving of his statement.
After a review of the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been advised of his Miranda rights.
In brief to this court, defendant further contends that the trial judge erred in admitting the confession in evidence in that it was not introduced in its entirety as required by La.R.S. 15:450. This basis of challenge to the admissibility of the confession is predicated on the testimony of Chief Cobb wherein it was disclosed that defendant had made a previous written statement after which he had changed his mind.[2] The witness did not know the whereabouts of this statement. No showing was made nor is it alleged that the prior statement formed a part of the confession introduced in evidence. We are satisfied that the confession admitted at trial constituted defendant's whole statement.
In sum, the trial judge did not err in admitting the confession in evidence.
Assignment of Error No. 3 is without merit.
The record discloses that defendant was sentenced on the same day as his motions for a new trial and in arrest of judgment were denied and that he did not waive the required twenty-four-hour delay. Thus, defendant's sentence was illegally imposed. La.Code Crim.P. art. 873; State v. Young, 337 So.2d 1196 (La.1976); State v. Navarre, 302 So.2d 273 (La.1974) Even though defendant did not object to this error at the time of sentencing or urge it on appeal, the error shall be considered by this court since it is an error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P. art. 920(2); State v. Young, supra; State v. Quinn, 288 So.2d 605 (La.1974). Hence, the sentence must be vacated and the case remanded to the trial court with instructions that defendant be sentenced in accordance with law.

DECREE
For the reasons assigned, the conviction is affirmed but the sentence imposed is *324 vacated and set aside, and the case is remanded to the Eleventh Judicial District Court, Parish of Sabine, with instructions to the trial judge to sentence defendant in accordance with law.
NOTES
[1] Minutes reflect that the court granted a severance of the information; Earl Hutto was tried separately.
[2] This fact was not revealed during the suppression hearing but rather was elicited for the first time on cross-examination in the presence of the jury.