352 So.2d 208 (1977)
STATE of Louisiana
v.
Larry FOWLKES.
No. 59843.
Supreme Court of Louisiana.
November 14, 1977.
*209 Tommy C. Rutledge, DeQuincy, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Adam L. Ortego, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Larry Fowlkes was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged and sentenced to serve forty years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his challenge for cause of prospective juror B. G. Young.
Defendant and Phil Lemelle were jointly charged by bill of information with the armed robbery. On defendant's motion, the court ordered a severance of the indictment. Accordingly, defendant was separately tried. During voir dire examination of prospective jurors for defendant's trial, it was revealed that Mr. Young had been peremptorily challenged as a prospective juror for the trial of Phil Lemelle on an unrelated armed robbery earlier in the day in another section of court. Defendant challenged Mr. Young for cause. The trial judge denied the challenge. Defendant argues that his challenge for cause should have been granted since Mr. Young was aware that Phil Lemelle was being tried for an armed robbery and, further, that the name of Phil Lemelle was used repeatedly throughout defendant's trial. Defendant exhausted his peremptory challenges before completion of the jury panel.
La.Code Crim.P. art. 797 provides in pertinent part:
The state or the defendant may challenge a juror for cause on the ground that:
. . . . .
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence; . . .
The mere fact that Mr. Young knew that Phil Lemelle had been charged with an armed robbery does not of itself render him partial. No showing was made during voir dire that Mr. Young could not render an impartial verdict according to the law and the evidence. Absent such a showing, we are unable to say that the trial judge *210 abused his discretion in refusing defendant's challenge for cause.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2 and 4
Defendant contends the trial court erred in admitting in evidence a written confession made by him while under police interrogation and also in allowing the state to read the confession to the jury during closing argument. Defendant argues that the state failed to prove that the confession was freely and voluntarily made and that the voluntary nature of the confession was vitiated by the fact that defendant was interrogated continuously for eight hours, culminating in a written confession which differed from his earlier oral statements. Prior to trial, no motion to suppress the written confession was filed by defendant.
During trial, outside the presence of the jury, a suppression hearing was conducted during which the state offered the testimony of Sheriff Deputies Gary Keller and Charles Deggans. Both deputies testified that defendant was initially arrested by the city police about midnight, January 24, 1975, and was taken to the Calcasieu Parish jail where he was seen by them shortly after his arrival. They further testified that defendant was advised of the charges against him and of his Miranda rights. Questioning began about 1:00 a.m. and some oral statements were obtained. Defendant confessed to the robbery but did not reveal the details at this time. Defendant was then taken to participate in a lineup. Deputy Deggans testified that two lineups were being conducted at that time and the process was not completed until approximately 4:00 a.m. After the lineup, Deputies Keller and Deggans again questioned defendant, who made some more oral statements at 4:45 a.m. At 7:12 a.m., after having been again advised of his Miranda rights and executing a waiver of rights form, defendant made a written confession. The written confession indicates that it was given in order to "correct" the oral statements given at 4:45 a.m. Both deputies explained that "correct" simply means that more details were given in the written confession than in the oral statements. Deputy Keller testified that defendant himself requested adding the details because he wanted to be completely honest. Both deputies testified that defendant appeared to be coherent and not overly tired during the interrogation and that all statements were freely and voluntarily made after having been fully advised of his Miranda rights. They specifically denied use of any coercive tactics, threats or promises to induce defendant to confess. Deputy Deggans estimated that the total period of questioning was only about two and a half hours.
Defendant did not testify at the suppression hearing nor did he produce any evidence. The trial judge ruled that the written confession was admissible in evidence.
Before a confession can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La. R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453; State v. Adams, 347 So.2d 195 (La. 1977); State v. Ross, 343 So.2d 722 (La. 1977); State v. Cotton, 341 So.2d 355 (La. 1976). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Adams, supra; State v. Ross, supra; State v. Demourelle, 332 So.2d 752 (La.1976); State v. Sims, 310 So.2d 587 (La.1975).
In the instant case, the police officers testified that the confession was freely and *211 voluntarily made by defendant after being fully advised of his Miranda rights. Defendant's allegations that the voluntary nature of the confession was vitiated by the fact that defendant was interrogated continuously for eight hours, culminating in a written confession which differed from his earlier oral statements, are not supported by the record. On the contrary, the testimony of the police officers indicates that defendant was questioned only about two and a half hours, that defendant was coherent and not overly tired during the interrogation, and that the written confession was consistent with defendant's prior oral statements.
After reviewing the record, we are convinced, as was the trial judge, that the state has satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been fully advised of his Miranda rights. Accordingly, the trial judge did not err in admitting the confession in evidence.
Defendant's contention that the trial court erred in permitting the state to read the confession to the jury during closing argument is equally without merit. At trial, defendant based his objection on the allegation that the jury was already familiar with the contents of the confession. For the first time in brief, defendant argues that the confession should not have been read to the jury because it was not freely and voluntarily made.
La.Code Crim.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless the defendant has made known to the court his objection and the grounds therefor. A new basis for an objection cannot be raised for the first time on appeal. State v. Williams, 343 So.2d 1026 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). In any event, La.Code Crim.P. art. 774 provides in pertinent part:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. (Emphasis added.)
Having found that the written confession was properly admitted in evidence, the trial court did not err in allowing the state to read the confession to the jury during closing argument.
Assignments of Error Nos. 2 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial court erred in denying defendant's motion for a mistrial on the ground that testimony by a state's witness referred to inadmissible evidence of another crime and in failing to admonish the jury to disregard the remark.
At trial, the state asked a police officer to describe the circumstances surrounding defendant's arrest. The witness responded: "Yes, there had been an armed robbery report put out, Earl's Superette, about 10:30 P. M., that night, the night of January 23rd." Defendant immediately objected and moved for a mistrial. The trial court denied the motion. Defendant did not request an admonition.
A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.Code Crim.P. art. 770(2). First, a police officer is not a "court official"; therefore, article 770 does not apply. Rather, article 771 of the Code of Criminal Procedure would be the applicable article. State v. Hardy, 344 So.2d 1018 (La.1977); State v. Jones, 332 So.2d 466 (La.1976); State v. Lepkowski, 316 So.2d 727 (La.1975); State v. Clark, 288 So.2d 612 (La.1974).
La.Code Crim.P. art. 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark *212 is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
. . . . .
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial. (Emphasis added.)
We do not find, nor does defendant claim, that the allegedly impermissible remark was deliberately obtained by design of the prosecutor to prejudice the rights of defendant. The police officer's answer was unsolicited and unresponsive to the prosecutor's question and was not deliberately uttered by the witness to prejudice defendant. Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for the reversal of a conviction. State v. Hardy, supra; State v. Jones, supra; State v. Luneau, 323 So.2d 770 (La. 1975); State v. Lewis, 315 So.2d 626 (La. 1975); State v. Gabriel, 308 So.2d 746 (La. 1975). Defendant was in no way connected with the report of an armed robbery at Earl's Superette, and no further mention was made of that robbery during trial. Under the circumstances, we do not consider that this isolated reference to another armed robbery by this witness was of any consequence. Therefore, we do not find that the remark created any prejudice in the mind of the jury. The trial judge did not err in denying defendant's motion for a mistrial.
Defendant's contention that the trial court erred in failing to admonish the jury to disregard the remark is equally without merit. Under La.Code Crim.P. art. 771, it is incumbent on the party moving for the mistrial to request the admonition. State v. Corey, 339 So.2d 804 (La.1976); State v. Gilmore, 332 So.2d 256 (La.1976); State v. Knight, 323 So.2d 765 (La.1975). Since defendant did not request an admonition, the trial court did not err in failing to give one.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial court erred in denying defendant's motion for a new trial on the ground that the verdict was contrary to the law and the evidence. He argues that the victims of the armed robbery failed to make a positive identification of him.
Where error is assigned to the refusal of the trial judge to grant a motion for a new trial grounded on the allegation that the verdict is contrary to the law and evidence, nothing is presented for our review, La.Code Crim.P. art. 858; State v. Jack, 332 So.2d 464 (La.1976); State v. Celestine, 320 So.2d 161 (La.1975); State v. Hollingsworth, 292 So.2d 516 (La.1974); State v. Gilbert, 286 So.2d 345 (La.1973); State v. Plummer, 281 So.2d 716 (La.1973).
Assignment of Error No. 5 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.