354 So.2d 552 (1978)
STATE of Louisiana
v.
Wilbert MATTHEWS.
No. 60505.
Supreme Court of Louisiana.
January 30, 1978.
*555 Alton T. Moran, Director, Robert C. Williams, Office of Public Defender, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Wilbert Matthews was indicted by the grand jury for the Parish of East Baton Rouge for the crime of armed robbery in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged and was sentenced to serve ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on eleven assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash the grand jury indictment. He argues that the indictment was fatally defective in that its indorsement as "a true bill" was not signed by the foreman of the grand jury as required by La.Code Crim.P. art. 383.
At the hearing on the motion to quash, the prosecutor and defense counsel stipulated that the indorsement was signed by the acting foreman of the grand jury who had been appointed by the trial judge to act during the absence of the foreman. It was further stipulated that, while the foreman was absent when the grand jury was deliberating on the charge against the accused and when the indorsement was signed, he was present when the indictment was returned into the district court.
La.Code Crim.P. art. 383 provides:
An indictment is a written accusation of crime made by a grand jury. It must be concurred in by not less than nine of the grand jurors, indorsed `a true bill,' and the indorsement must be signed by the foreman. Indictments shall be returned into the district court in open court; but when an indictment has been returned for an offense which is within the trial jurisdiction of another court in the parish, the indictment may be transferred to that court.
This court has previously recognized that the reasons for requiring the signature of the foreman, which involve accentuating the deliberateness of the grand jury's finding, are adequately served when a duly designated representative of the grand jury, such as an assistant foreman, signs due to the absence, inability, or unwillingness of the foreman to sign. State v. Mouton, 319 So.2d 331 (La.1975). Where, as in the instant case, the foreman is absent during the grand jury's deliberations, the signature of the duly designated assistant or acting foreman constitutes substantial compliance with the procedural requirements for validity of the indictment through indorsement of the foreman. La.Code Crim.P. art. 383; State v. Mouton, supra.
*556 Accordingly, the trial judge did not err in denying defendant's motion to quash the grand jury indictment.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion for a change of venue.
On the first day of trial prior to its commencement, defendant was permitted to file a motion for a change of venue;[2] alternatively, defendant requested a continuance.[3] The motion averred that, due to the widespread publicity given through the news media to the facts of the case, the prior trial, conviction and sentencing of defendant's alleged co-participants in the crime, and news coverage of a similar offense committed by another individual a few days prior to defendant's trial, a fair and impartial trial could not be obtained in the parish. Attached to the motion was a copy of a news clipping which reported the occurrence of the similar offense on the eve of trial. At defendant's request, the ruling on the motion was deferred until the conclusion of the voir dire examination. Thereafter, the judge denied the motion.
The grounds for a change of venue are set forth in article 622 of the Code of Criminal Procedure as follows:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
To warrant a change of venue, the burden is upon the accused to establish that he cannot obtain a fair trial in the parish where the prosecution is pending. Article 622 requires a showing of more than mere knowledge by the public of facts surrounding the offense. It requires, in addition, proof of such prejudice in the public mind that a fair and impartial trial cannot be obtained in the parish. The granting or denial of a motion for a change of venue rests within the sound discretion of the trial judge, and his ruling denying the motion will not be disturbed unless the evidence affirmatively shows that the ruling was erroneous and an abuse of judicial discretion. State v. Lewis, 353 So.2d 703 (La.1977); State v. Sheppard, 350 So.2d 615 (La.1977); State v. delaBeckwith, 344 So.2d 360 (La.1977); State v. Morris, 340 So.2d 195 (La.1976); State v. Berry, 329 So.2d 728 (La.1976); State v. Stewart, 325 So.2d 819 (La.1976); State v. Dillard, 320 So.2d 116 (La.1975); State v. Flood, 301 So.2d 637 (La.1974), cert, denied, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975); State v. Richmond, 284 So.2d 317 (La.1973).
In the instant case, the evidence presented in support of defendant's motion for a change of venue consisted merely of a news account of a similar but unrelated offense committed by an individual other than defendant. The voir dire examination reveals that, while many of the prospective *557 jurors had heard or read about the instant crime, they were unfamiliar with the details of the crime and had formulated no opinion in regard thereto. Moreover, they stated that they could render a fair and impartial verdict on the evidence presented at trial. Clearly, defendant failed to establish such prejudice in the public mind as to preclude a fair and impartial trial in the Parish of East Baton Rouge. Hence, the trial judge did not abuse his discretion in denying defendant's motion for a change of venue.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in permitting, over defense objection and motion for mistrial, introduction of evidence of the murder of the victim of the armed robbery.
Evidence adduced at trial revealed that at approximately 2:00 a.m. on Saturday, January 15, 1977, defendant and an individual named Kenneth Porter entered a Shoney's restaurant in Baton Rouge with the cooperation of a restaurant employee and at gunpoint ordered Ronnie Lawrence, the restaurant manager, to hand over the money stored in the restaurant's safe and cash register. In their escape from the restaurant, the perpetrators forced Lawrence into a car driven by Robert Dominick and thereupon fled to New Orleans. Immediately upon their arrival in New Orleans, defendant and Porter ordered Lawrence out of the car and shot him to death. After killing Lawrence, Porter and defendant got back into the car driven by Dominick and went to Porter's house where they divided up the money. Several hours later, police arrested Porter and discovered in his wallet a payroll check payable to Lawrence (victim) and received by him prior to the robbery. Defendant was subsequently arrested and charged with the armed robbery of Lawrence.
The evidence demonstrates that, after forcing the victim of the armed robbery to surrender the cash from the restaurant's safe and cash register, defendant and his co-participants subsequently robbed Lawrence of his payroll check either during their escape to New Orleans or at the time of his murder. Evidence of the murder was highly relevant to prove that the robbery of the victim was conducted by force or intimidation, an essential element of the crime of armed robbery. Hence, evidence of the murder was admissible for this purpose. La.R.S. 14:64; La.R.S. 15:435 and 441. Moreover, under the facts of this case, the murder of the robbery victim was an immediate concomitant of the armed robbery and formed in conjunction with it one continuous transaction. Therefore, it was also admissible as part of the res gestae. La.R.S. 15:448. What forms part of the res gestae is always admissible in evidence. La.R.S. 15:447; State v. Morris, 340 So.2d 195 (La.1976); State v. Curry, 325 So.2d 598 (La.1976). Hence, the trial judge did not err in permitting introduction of evidence of the murder of the victim of the armed robbery.
Assignment of Error No. 4 lacks merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in admitting in evidence a black and white photograph of the victim of the armed robbery at the location where he was murdered. He argues that the photograph constituted inadmissible evidence of another crime and was so gruesome that its prejudicial effect outweighed its probative value.
Defendant's first basis of challenge to the admissibility of the photograph was previously considered in Assignment of Error No. 4 and, for reasons assigned therein, is without merit.
It is well established that the test of admissibility of allegedly gruesome photographs is whether their probative value outweighs the possible prejudice that may result from their display to the jury. State v. Lewis, 353 So.2d 703 (La.1977); State v. Sheppard, 350 So.2d 615 (La.1977); State v. Williams, 343 So.2d 1026 (La.1977); State v. Redwine, 337 So.2d 1041 (La.1976); State v. Cooper, 334 So.2d 211 (La.1976); State v. Smith, 327 So.2d 355 (La.1976).
*558 After examining the photograph in question, we do not consider it gruesome. Moreover, the photograph was relevant to identify the robbery victim as well as to establish the use of force on him and that his assailants were armed with a dangerous weapon, essential elements of the crime of armed robbery. State v. Redwine, supra. Since the probative value of the photograph outweighs any possible prejudicial effect, the trial judge did not err in admitting it in evidence.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in denying his motion to suppress his confession and permitting its introduction in evidence. He argues that the confession was not freely and voluntarily made by him.
During trial, outside the presence of the jury, a suppression hearing was conducted. Detective Louis Dupuy, a member of the Baton Rouge Police Department, testified that he was present when defendant was arrested at his home in New Orleans. The arrest occurred at about 6:30 a.m. on January 16, 1977. Defendant remained in the custody of the New Orleans Police Department from the time of his arrest until he was surrendered to Dupuy and another officer at approximately 1:30 p.m. for transfer back to Baton Rouge. Dupuy related that, upon defendant's arrival at the detective office in Baton Rouge at about 4:00 p.m. and after being fully advised of his Miranda rights and signing a waiver of rights form, defendant was questioned by him in the presence of Eddie Stewart, an investigator for the district attorney's office, at which time defendant gave a taped confession of his involvement in the crime. He further stated that defendant was continuously in his presence from shortly before leaving New Orleans until the statement was made in Baton Rouge. He denied that defendant was ever left alone with Stewart. Depuy testified that defendant was given water upon request; defendant made no request to contact his family or an attorney.
Defendant testified that he was beaten by an unidentified police officer when arrested at his home in New Orleans. He stated that he was then taken to the detective bureau where Officer John Kastner forced him to sign a waiver of rights form. However, despite threats, he made no statement at that time. Upon his arrival in Baton Rouge, defendant claimed that Eddie Stewart attempted to make him confess by intimating that Kenneth Porter, one of his co-participants in the crime, had implicated him. He further claimed that Stewart indicated that, if he did not confess to the crime, he would be beaten as he had been at the time of his arrest. He stated that Detective Dupuy was not present during this conversation with Stewart; however, upon its completion, Dupuy returned and also threatened him. Dupuy then turned on a tape recorder and read him his rights. He admitted that he understood his rights, made the taped statement, and signed it; however, he claimed that he made the statement under threats of being beaten. Defendant further testified that he was denied food during the interval between his arrest and arrival in Baton Rouge.
In rebuttal, the state called Eddie Stewart, Officer John Kastner and recalled Detective Louis Dupuy. Stewart testified that he was present when defendant was interrogated by Dupuy. He denied ever being left alone with defendant or that either he or Dupuy threatened or coerced defendant in any way to confess. Stewart further testified that he was present when defendant appeared before the magistrate in New Orleans and was released to Baton Rouge police officers. He stated that he did not observe any physical indication that defendant had been beaten at that time nor did defendant make any complaint to the magistrate. Detective Dupuy testified on recall that neither he nor Stewart ever threatened defendant. Moreover, he stated that he was present when defendant was arrested at his home and he was not physically abused. He specifically denied seeing Officer Kastner abuse defendant in any *559 way. Officer Kastner also denied that he beat or threatened defendant in any manner. Kastner stated that defendant was not denied water, cigarettes or access to the telephone while he was in custody in New Orleans.
At the conclusion of the suppression hearing, the trial judge found that the confession was freely and voluntarily made by defendant. He denied the motion to suppress and permitted introduction of the confession in evidence.
Before a confession may be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducements or promises. La.R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Mullins, 353 So.2d 243 (La.1977); State v. Lewis, 353 So.2d 703 (La.1977); State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Hutto, 349 So.2d 318 (La.1977); State v. Adams, 347 So.2d 195 (La.1977); State v. Ross, 343 So.2d 722 (La.1977).
In the instant case, defendant's claim that he was beaten by an unidentified police officer when arrested at his home and was subsequently threatened by Kastner, Dupuy and Stewart was specifically denied by Kastner, Dupuy and Stewart. Moreover, although the record reflects that members of defendant's family were present when he was arrested and allegedly beaten at his home, defendant failed to corroborate his assertion of physical abuse by calling them to testify on his behalf.
After reviewing the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been advised of his Miranda rights. Accordingly, the trial judge did not err in denying defendant's motion to suppress and admitting the confession in evidence.
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in denying his motion for a mistrial grounded on the claim that the state improperly referred to another crime allegedly committed by him and to the law of conspiracy in its opening statement. The present motion for a mistrial was not made until after the close of the state's evidence.
Defendant's allegation that the state improperly referred to another crime allegedly committed by him in its opening statement was previously considered in Assignment of Error No. 4 and, for reasons assigned therein, we find it to be without merit. It should be noted that defendant objected to this alleged error at the time of its occurrence during the state's opening statement.
With respect to defendant's second ground for mistrial, i. e., reference by the state in its opening statement to the law of conspiracy, no objection was made by defense counsel either contemporaneously with the reference or at the conclusion of the state's opening statement. Defendant waited until the close of the state's evidence before moving for a mistrial on this ground. In accordance with La.Code Crim.P. art. 841, this court has consistently held that an irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence. State v. O'Blanc, 346 So.2d 686 (La.1977); State v. Williams, 343 So.2d 1026 (La.1977); State v. Finley, 341 So.2d 381 (La.1976); State v. Phanor, 325 So.2d 579 (La.1976); *560 State v. Knight, 323 So.2d 765 (La.1975); State v. Burgy, 320 So.2d 175 (La.1975). In any event, there is no merit to the contention. It has been recognized that, when a defendant is on trial for the completed offense and the facts of the case establish the existence of a conspiracy, reference to the law of conspiracy may be relevant and permissible in order to allow the state to take advantage of the evidentiary rules found in La.R.S. 15:455. Therefore, if the state did in fact establish a prima facie case of conspiracy, the reference to the law of conspiracy during the state's opening statement was proper. State v. Sheppard, 350 So.2d 615 (La.1977); State v. Bennett, 341 So.2d 847 (La.1976); State v. Kaufman, 331 So.2d 16 (La.1976).
In the instant case, we find that a prima facie showing was made by the state that four persons agreed or combined for the specific purpose of committing the crime of armed robbery. The record reflects that defendant, Kenneth Porter and Robert Dominick traveled from New Orleans to Baton Rouge where they stopped at a Shoney's restaurant at about midnight. Porter conferred with a restaurant employee, Frederick Lewis, who instructed him to call at 1:45 a.m. to see if the time was right to rob the restaurant. Porter relayed this information to Dominick and defendant who had remained in the car. At the appointed time, Porter made the call from a bus station and was informed by Lewis that the time was right to pull the robbery. At 2:00 a.m., the men returned to the restaurant. While Dominick remained outside in the car, defendant and Porter, armed with pistols, gained entrance to the restaurant through the rear door by holding two employees at gunpoint. The manager, Ronnie Lawrence, was ordered to hand over the money stored in the restaurant's safe and cash register. The two men then forced Lawrence into the waiting vehicle driven by Dominick. They fled to New Orleans, stopped at a certain location, and ordered Lawrence out of the car. Porter and defendant got out of the car with Lawrence. When Lawrence tried to escape, the two men shot him and returned to the car; however, not believing that he was dead, they returned to the victim whereupon Porter shot him again. Dominick then picked up defendant and Porter and drove to Porter's apartment where the stolen money was divided among them. Inasmuch as the state's evidence established at least a prima facie case of conspiracy, there was no error in the state's correct reference to the law of conspiracy during its opening statement. Accordingly, the trial judge did not err in denying defendant's motion for a mistrial on this ground.
In sum, Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in denying his motion for a mistrial based on a remark made by the prosecutor in rebuttal argument to the jury. He argues that the remark referred indirectly to defendant's religion, national origin and political persuasion. He further argues the trial judge erred in failing to admonish the jury to disregard the remark.
During rebuttal, in answering defendant's argument that his confession was not freely and voluntarily made by him in that it was the product of beatings and threats by police officers, the prosecutor remarked to the jury:
your simple issue in this case with reference to that statement is it true, not is it freely or voluntarily is it true! You've heard much aboutif I was him, I'd leave town, I would not live in a town where they had such conniving, criminal, conspiring police authorities, I'd get out of town, I'd move on to Russia or somewhere else, where it's nice!
Defendant objected to the remark and moved for a mistrial. The motion was denied. Defendant did not request an admonition.
Pursuant to La.Code Crim.P. art. 770(1), upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a *561 court official, during the trial or in argument, refers directly or indirectly to defendant's race, religion, color or national origin. The instant remark was directed toward defendant's assertion of coercive police conduct in obtaining his confession and was not intended as a reference to defendant's religion, national origin or political persuasion. Accordingly, La.Code Crim.P. art. 770(1) is inapplicable; rather, La.Code Crim.P. art. 771 is the applicable provision and provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
We do not consider that the prosecutor's remark created such prejudice against defendant in the mind of the jury in view of the fact that the remark clearly did not refer to defendant but rather to the alleged coercive police conduct. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Defendant's contention that the trial judge erred in failing to admonish the jury to disregard the remark is equally without merit. Under La.Code Crim.P. art. 771, it is incumbent on the party moving for the mistrial to request the admonition. State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Corey, 339 So.2d 804 (La.1976); State v. Gilmore, 332 So.2d 256 (La.1976); State v. Knight, 323 So.2d 765 (La.1975). Since defendant did not request an admonition, the trial judge did not err in failing to give one.
Assignment of Error No. 10 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant contends that the trial judge erred in denying his motion for a new trial.
The first three grounds for defendant's motion assert allegations previously considered in Assignments of Error Nos. 4, 8 and 9, and for reasons assigned therein, are without merit.
Defendant's fourth and fifth grounds for his motion for a new trial allege errors in the introduction in evidence of his taped confession. He argues that the confession admitted in evidence differed from the transcript of the confession provided to him prior to trial and was introduced into evidence before the state had established the essential elements of the crime charged. However, prior to and during trial, defendant's sole attack on the admissibility of the confession was on the ground that it was not freely and voluntarily made by him. No objection to the admissibility of the confession on the grounds urged in defendant's motion for a new trial was asserted by defendant prior to verdict. Hence, defendant waived any objection to introduction of the taped confession in evidence on these grounds. La.Code Crim.P. art. 841. In view of this waiver, defendant cannot urge on a motion for a new trial the alleged errors complained of. See La.Code Crim.P. art. 851(2).
The sixth ground for defendant's motion for a new trial is that the trial judge erred in admitting in evidence various items seized from defendant at the time of his arrest. Prior to trial, defendant filed a motion to suppress this evidence on the ground that it was obtained pursuant to an unconstitutional search and seizure. However, at defendant's request, this motion was referred to the merits. Subsequently, at the close of its case-in-chief, the state requested that the items be admitted in evidence. Defense counsel responded that *562 he had no objection to their admission in evidence. In view of the foregoing, defense counsel may not now rely on any alleged error in the introduction in evidence of the items seized from defendant when he was arrested as a basis for the granting of a new trial.
The last ground for granting a new trial is that the ends of justice would be served thereby. La.Code Crim.P. art. 851(5). This is a ground upon which the trial judge may grant a new trial. It presents nothing for this court's appellate review. State v. Williams, 343 So.2d 1026 (La.1977); State v. D'Ingianni, 217 La. 945, 47 So.2d 731 (1950).
In sum, the trial judge did not err in denying defendant's motion for a new trial. Assignment of Error No. 11 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 2, 6 and 7. We therefore consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] La.Code Crim.P. art. 621 provides:

An application for a change of venue may be made by either the state or the defendant. It must be made at least five days prior to the date then fixed for commencement of trial; or thereafter, in the discretion of the court, any time before the first witness is sworn at the trial on the merits. The application shall be in writing, sworn to by the applicant or his counsel, and shall contain:
(1) Allegations of fact upon which the application is based; and
(2) A statement that the application is not made for the purpose of delay, but to obtain a fair and impartial trial.
A contradictory hearing shall be held upon the application.
[3] Because the alternative argument for a continuance was not argued on appeal, it will not be considered by this court. State v. Stewart, 325 So.2d 819 (La.1976).