LOTTINGER, Judge.
Samuel Williams was charged by grand jury indictment with the second degree murder of Fred Clay, a violation of La.R.S. 14:30.1. Williams pled not guilty and, after a jury trial, was found guilty as charged. The trial court sentenced Williams to the custody of the Louisiana Department of Corrections for life, without benefit of probation, parole, or suspension of sentence.
From this conviction, defendant appeals urging three assignments of error:
(1) The trial court erred by refusing to grant a mistrial when a juror was challenged for cause after she gave new testimony concerning a member of her family who had been the victim of a crime.
(2) The trial court erred in allowing evidence of other crimes to be introduced as part of the res gestae.
(3) The trial court erred in allowing hearsay testimony that was highly prejudicial.
Assignment of error number one is expressly abandoned by defendant who acknowledges in his brief that this alleged error is unfounded.
FACTS
The record reveals that on September 5, 1983, defendant and the victim, Fred Clay, were both attending a fair in Morgan City held in conjunction with the Shrimp and Petroleum Festival. According to the testimony of various witnesses, defendant, a white male, was observed during the evening attempting to recruit participants for a confrontation between black and white individuals.
Sometime later, defendant, while armed with a knife, advanced toward Peter Gas-kins, a black male. Gaskins was able to step aside, thus avoiding a confrontation with defendant. However, a few moments after the aborted confrontation with Gas-kins, defendant approached Fred Clay, a black male, and without warning stabbed Clay in the chest. Clay died a short time later as a result of the stab wound.
Various police officers on duty at the fair, site responded immediately to screams emanating from a crowd which had gathered around Clay. Clay’s assailant, described as a white male with long hair and a beard who was wearing red coveralls, was apprehended near the scene when Gas-kins pointed him out to a police officer in the vicinity. Defendant was also identified at the scene by Clay’s wife, who had been walking with her husband when he was fatally wounded.
ASSIGNMENT OF ERROR NO. 2
By this assignment defendant urges that the trial court erred by improperly admitting other crimes evidence. The objection is based on reference to the unindicted crime of aggravated assault allegedly committed by defendant against Peter Gaskins.
The record reveals that prior to opening statement, the state filed a notice of intent to introduce evidence of other crimes pursuant to La.R.S. 15:445, et seq. A Prieur[1] hearing was held out of the presence of the jury. As a result of that hearing, the trial court ruled Peter Gaskins could testify at trial that defendant had advanced toward him with a knife in his hand. Oral reasons for this ruling were grounded on a determination that such evidence was properly admissible because it formed part of the res gestae of the instant offense, and that in the alternative, such evidence was independently admissible to prove intent.
In brief, defendant urges that this evidence should not have been admitted because intent was not a real contested issue at trial and because the prejudicial effect of *279 allowing such evidence far outweighed its probative value.
However, defendant ignores that all of the evidence complained of is clearly a part of the res gestae. What forms any part of the res gestae is always admissible. La.R.S. 15:447 and 448; State v. Stucke, 419 So.2d 939 (La.1982). Moreover, evidence of other crimes which are part of the res gestae is always admissible without balancing its probative value against its prejudicial effect. Id.
Since the general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed, a very close connexity between the charged offense and the other crimes evidence sought to be introduced under the res gestae exception is reguired. State v. Sanford, 446 So.2d 1381 (La.App. 1st Cir. 1984). “The concomitant other crimes do not affect the accused’s character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to defendant or none of it.” Id.
The murder of Fred Clay did not occur in a vacuum. Defendant, Peter Gas-kins, and Fred Clay were all visitors independently wandering about the grounds of a community fair. Gaskins testified that he was placed in fear of being stabbed by defendant when he narrowly avoided contact with the blade of defendant’s knife. In that instance, defendant diverted from a more direct lane of travel to provoke a confrontation with Gaskins. Some two minutes later and some twenty feet removed, Fred Clay was stabbed by a man independently identified as defendant. These facts establish a very close connection in time and location clearly falling within the res gestae exception.
For the foregoing reasons, the trial court did not err when it allowed Peter Gaskins to relate this incident at trial.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
By means of this assignment defendant urges that the trial court erred by allowing A1 Glynn, Jr., a state witness, to testify during redirect examination about a conversation he had with defendant on the evening in question. In pertinent part Glynn testified that defendant had told him that “he was wanting to fight some colored people” and “hurt somebody”.
In brief defendant urges that these statements should not have been allowed in evidence because he had not been put on notice (either by means of answer to his motion for discovery or notice pursuant to La. Code Crim. P. art. 768) that the state intended to use such statements at trial.
To the contrary, the record reveals that notice of the state’s intention to introduce the statements had been furnished defendant on the day of trial pursuant to La. Code Crim. P. art. 768. By joint motion, answer to defendant’s motion for discovery was resolved by an informal conference between the district attorney and defense counsel.
Moreover, defendant’s objection to Glynn’s trial testimony was grounded on the proper scope of redirect examination and that such testimony constituted inadmissible hearsay. By failing to urge lack of compliance with the discovery rules as a basis for objection and giving the trial judge an opportunity to rule thereupon, defendant has presented nothing for review on that issue. State v. Jones, 408 So.2d 1285 (La.1982). Had defendant articulated the basis of his asserted rights the trial judge could have granted one of the remedies provided for failure to comply with the discovery rules (La. Code Crim. P. art. 729.5) if appropriate. By failing to do so, he has effectively waived any right to be afforded relief on appeal. State v. Bo-nanno, 373 So.2d 1284 (La.1979). A new basis for objection cannot be raised for the first time on appeal. State v. Fowlkes, 352 So.2d 208 (La.1977).
Accordingly, this assignment of error is without merit.
*280 Therefore, the conviction and sentence are affirmed.
AFFIRMED.

. State v. Prieur, 277 So.2d 126 (La.1973).