337 So.2d 1196 (1976)
STATE of Louisiana
v.
Calvin YOUNG.
No. 58099.
Supreme Court of Louisiana.
October 6, 1976.
*1197 Robert E. Piper, Jr., Piper & Brown, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., William L. Goode, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Calvin Ray Young was charged by bill of information with possession of marijuana, second offense, in violation of La.R.S. 40:966. After trial by jury, he was found guilty as charged and subsequently was sentenced to serve three years at hard labor. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in denying his motion for mistrial based on comments on the evidence made by the trial judge in the presence of the jury.
Defendant had pleaded not guilty and not guilty by reason of insanity to the charge against him. During the defendant's cross-examination of a physician who had served on the lunacy commission appointed to determine the defendant's sanity at the time of the offense, the defendant propounded the following hypothetical question:
Let's assume, Doctor, that another psychiatrist had examined Calvin Young, say, in May of 1975, given all the additional information that you didn't have, sir, given the fact that he was giggly, went for walks, appearing nude and naked, the letters, the impression or the feeling that he was God and Jesus Christ and Muhammad Ali and all those people, and he had determined diagnostically that Calvin Young was a schizophrenic and mentally retarded? (Emphasis added.)
The state objected to the question on the ground that there was no basis for it in the record. The objection was sustained. In response to the defendant's question as to the reasons for the court's ruling, the trial judge made the following statement: "Well, you are assuming something not proven . . . there was no evidence *1198 introduced." At the court's suggestion, the jury was then removed, whereupon the defendant moved for a mistrial claiming that the judge had improperly commented on the facts of the case. After denying the motion and returning the jury to the courtroom, the trial judge admonished the jury to ignore any remarks made in connection with his ruling and recall only that he had sustained the state's objection.
Judicial comment on the facts or evidence in the presence of the jury is prohibited by La.Code Crim.P. art. 772 (1966). However, this court has consistently held that remarks made by the trial judge in the jury's presence giving reasons for his rulings on objections, for admitting or excluding evidence, or stating the purpose for which evidence is offered or admitted are not objectionable as comments or expressions of an opinion provided they are not unfair and prejudicial to the accused. State v. Lane, 302 So.2d 880 (La.1974); State v. Fallon, 290 So.2d 273 (La.1974); State v. Hills, 241 La. 345, 129 So.2d 12 (1961), rev'd on rehearing on other grounds; State v. Nicolosi, 228 La. 65, 81 So.2d 771 (1955); State v. Childers, 196 La. 554, 199 So. 640 (1940); State v. Walker, 204 La. 523, 15 So.2d 874 (1943).
In the instant case, defense counsel was propounding a question which assumed facts not testified to in contravention of the evidence rule embodied in La.R.S. 15:278. Although parts of the defendant's question were predicated on previous testimony, there had been no testimony or other evidence indicating that the defendant had been diagnosed as mentally ill or deficient by another psychiatrist. We conclude that the trial judge's statement of his reasons for ruling was both correct and fair.
Moreover, we cannot say that the defendant in this case suffered prejudice from the trial judge's remarks, particularly since the reasons for his ruling were explained only at the request of the defendant and the trial judge instructed the jury to ignore that explanation and recall only that he had sustained the state's objection.
Accordingly, although the general intent of La.Code Crim.P. art. 772 is to prohibit judicial comment on the evidence, we are satisfied that the remarks of the trial judge in this case do not fall within the contemplation of that article, inasmuch as they were made at the request of the defendant in explanation of a ruling on an objection and were neither unfair nor prejudicial. Therefore, we find that the defendant's motion for a mistrial was properly denied. There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in denying his motion for a mistrial based on the prosecutor's reference to crimes committed by defendant as to which evidence was inadmissible.
During the state's cross-examination of defendant's mother, the following colloquy took place:
Q. Now, Mrs. Young, you have kept pretty close tabs on what your son has been doing for the last couple of years?
A. Yes.
Q. Are you aware of what has been going on between him and the law? (Emphasis added.)
Before the witness answered the question, the jury was retired at the request of defendant, who then argued that the district attorney's question constituted an improper reference to prior criminal activity on the part of defendant, entitling him to a mistrial. In response to defendant's contention, the prosecutor argued that his question was directed to an earlier conviction of defendant for possession of marijuana, the arrest for which dated back to 1974. This was the same conviction which formed the basis of the charge of marijuana, second offense, for which defendant was then on trial. While denying the motion for a mistrial, the trial judge refused to allow the state to pursue that line of questioning and admonished the jury to disregard the question to which defendant had objected.
Louisiana Code of Criminal Procedure article 770 provides in pertinent part:

*1199 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . . .
(2) Another crime committed by the defendant as to which evidence is not admissible;

. . . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
(Emphasis added.)
In the instant case, defendant was being tried as a second offender for possession of marijuana pursuant to La.R.S. 40:966. Therefore, evidence of the first conviction of possession was properly before the jury. Pretermitting the issue of whether or not the question of the prosecutor as to what had been "going on between him and the law" constituted a direct or indirect reference to a crime, we note that the only prior crime of the accused that had been before the jury was possession of marijuana, a crime as to which evidence was admissible because of the nature of the charge. The jury had already been apprised of the prior conviction by the reading of the bill of information charging defendant with possession of marijuana, second offense. No suggestion of any other illegal conduct on the part of defendant was ever made. Consequently, it would have been unreasonable for the jury to conjecture that the prosecutor's question had reference to any criminal activity of defendant other than either the previous conviction which formed part of the present charge or the second offense for which he was being tried. Hence, the prosecutor's question did not constitute a reference to another crime as to which evidence was not admissible. La.Code Crim.P. art. 770(2) (1966); cf. State v. Price, 325 So.2d 780 (La.1976). This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in denying his motion for mistrial wherein the defendant alleged that comments made in the state's closing argument improperly appealed to the passion and prejudice of the jury.
Louisiana Code of Criminal Procedure article 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
The first statement that defendant urges as a ground for granting a mistrial was made in the following argument of the prosecutor:
. . . The judicial system is like a chain. The police form the first line. The prosecution forms the second link, and the jury forms the third line. The police have done all they could do. They have been fair and honest in presenting testimony to you. I have put on the case, every available witness to you. Now comes your time, and what I am asking you is this: I am asking you to use your God-given common sense that you all have to weigh the evidence, to weigh the facts, look at what has been presented to you and based on that evidence I am certain you will
. . . . . .
(Emphasis added.) Defendant contends that the prosecutor's comments amounted to his personally vouching for the credibility of the state witnesses.
There is no merit to this contention. We do not consider that the prosecutor's remarks, taken in their proper context, constitute *1200 an expression of his opinion as to the credibility of the state witnesses. He simply argued that the police had done their duty and fairly and honestly presented the evidence which he had put on for their consideration. He made it clear to the jurors that it was their duty to weigh the evidence in reaching their verdict. Moreover, the comments of the prosecutor were counteracted by the trial judge who admonished the jury both during the state's closing argument and his final charge that they, the jury, were to determine the facts based on the evidence adduced and not upon statements made by either counsel in their argument of the case. Hence, under these circumstances we find no prejudice resulted to the defendant.
The second remark of the prosecutor cited as constituting improper closing argument occurred when reference was made by the district attorney to a "promise" of the jurors (during voir dire examination) that they would return a verdict of guilty if such verdict was warranted by the facts. The mere use of the word "promise" by the prosecutor in reminding the jury of its sworn duty was not prejudicial to the accused.
In sum, there was no abuse of discretion by the trial judge in denying defendant's motion for a mistrial. Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial judge erred in denying his motion for a new trial grounded on the errors assigned in Assignments of Error Nos. 1, 2 and 3. We have already determined that those assignments of error lack merit. Since nothing further has been presented for our review, we cannot find that the trial judge abused his discretion in denying defendant's motion for a new trial.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the trial judge erred in failing to comply with the provisions of La.Code Crim.P. art. 873 which provides that following a felony conviction sentence shall not be imposed until at least twenty-four hours after a motion for a new trial is overruled. If defendant expressly waives the delays provided in this article, sentence may be imposed immediately. The record discloses that defendant was sentenced on the same day that his motion for a new trial was denied and that he did not waive the required delay. The state concedes that defendant is correct in this contention. Defendant's sentence was illegally imposed. La.Code Crim.P. art. 873; State v. Navarre, 302 So.2d 273 (La. 1974). Even though defendant did not object at the time of sentencing, the error complained of shall be considered by this court on appeal since it is an error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P. art. 920(2); State v. Quinn, 288 So.2d 605 (La.1974). Hence, the sentence must be vacated and the case remanded to the trial court with instructions that defendant be sentenced in accordance with law.

DECREE
For the reasons assigned, the conviction is affirmed but the sentence imposed is vacated and set aside, and the case is remanded to the First Judicial District Court, Parish of Caddo, with instructions to the trial judge to sentence defendant in accordance with law.
DIXON, J., dissents.