PER CURIAM.
The record discloses that the defendant was sentenced on the same day his motion in arrest of judgment was denied and does not indicate that he waived the required twenty-four hour delay. La.C. Cr.P. art. 873. In addition, the minutes reflect that defendant was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence, while La. R.S. 40:966 B(1) provides that the appropriate penalty when a defendant has been convicted of distribution of heroin is “life imprisonment at hard labor . . . ” without any qualification as to defendant’s eligibility for parole, probation or suspension of sentence. Compare La.R.S. 40:966 C(1). Although defendant did not object to these errors at time of sentencing or urge them on appeal, they are considered by this Court since they are discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La. C.Cr.P. art. 920(2); State v. Young, 337 So.2d 1196 (La.1976).
Defendant’s conviction is affirmed, but the sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to sentence the defendant in accordance with law.