# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-0423

STATE OF LOUISIANA

VERSUS

TIMOTHY D. PERKINS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 5949-05
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**CONVICTION AFFIRMED; SENTENCE NOT CONSIDERED.**

**John F. DeRosier**
**District Attorney**
**Sharon D. Wilson**
**Assistant District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Fourteenth Judicial District**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Timothy D. Perkins**

PETERS, J.

A jury convicted the defendant, Timothy D. Perkins, of the offense of attempted distribution of cocaine, a violation of La.R.S. 14:27 and La.R.S. 40:967(A)(1). Thereafter, the trial court sentenced the defendant to serve twenty years at hard labor, with the first year of the sentence to be served without the benefit of probation, parole, or suspension of sentence. He now appeals his conviction and sentence, asserting six assignments of error. For the following reasons, we affirm the defendant's conviction in all respects, but decline to consider the issues related to the defendant's sentence, finding that those issues are not properly before us.

**DISCUSSION OF THE RECORD**

The incident giving rise to the conviction now before this court occurred on February 16, 2005, when Jennifer Guidry, a Calcasieu Parish resident, telephoned the defendant and requested that he assist her in obtaining some cocaine. After exchanging a number of telephone calls, Ms. Guidry and the defendant agreed that she would pick him up at his residence and the two of them would contact his supplier and retrieve the cocaine for her. What the defendant did not know is that Ms. Guidry was working undercover for the Louisiana State Police when she initiated the contact with him.

Ms. Guidry testified at trial as did Chris Gray, Christopher Ivey, and Steven Lafargue, three Louisiana State Police officers who participated in the investigation. The facts established by these witnesses are that Ms. Guidry approached the Louisiana State Police in early 2005, and offered to share her information concerning illegal narcotics trafficking with that agency in a last-ditch effort to break her own dependency on narcotics. Part of the information she shared with the State Police related to the defendant's involvement in illegal narcotics activity. After taking steps

to verify information Ms. Guidry provided to the agency, the officers working regional narcotics investigations solicited her assistance in effecting a purchase of illegal narcotics from the defendant. After she agreed to help in their investigation of the defendant, the State Police installed a tracking devise as well as video/audio surveillance equipment in Ms. Guidry's vehicle.

When she telephoned the defendant on February 16, 2005, Ms. Guidry was in the presence of three State Police officers who monitored the calls. Before she left to pick up the defendant, the officers searched her person and her vehicle for contraband, money, or weapons. Finding none, they provided her with $150.00 for the proposed purchase and allowed her to travel to the defendant's residence. During the trip leading up to the purchase, Ms. Guidry and the defendant were under constant visual surveillance by at least one of the three officers, and their conversations were constantly monitored by use of the audio surveillance equipment.

The video camera installed in Ms. Guidry's vehicle recorded a man approach Ms. Guidry's vehicle and hand the defendant two small bags in exchange for some money. The defendant then provided one of the small bags to Ms. Guidry in exchange for the agreed price of $150.00. Ms. Guidry then dropped the defendant off at his residence, met the officers at a predetermined location, and gave them the bag she had obtained from the defendant. Although the officers had kept Ms. Guidry under constant surveillance, they again searched her and her vehicle, finding no contraband, money, or weapons. Later scientific testing of the contents of the bag Ms. Guidry gave the officers established that it contained cocaine.

On April 5, 2005, the state charged the defendant by bill of information with distribution of cocaine, a violation of La.R.S. 40:967(A)(1). A three-day trial began

2

on September 6, 2006, and, after completion of the evidentiary phase of the trial, the jury returned a verdict finding the defendant guilty of the lesser and included offense of attempted distribution of cocaine. The trial court rejected the defendant's November 21, 2006 motion for new trial after a January 5, 2007 hearing. On that same day, and immediately after ruling on the defendant's motion for new trial, the trial court sentenced the defendant. Thereafter, the defendant filed the appeal now before us. In this appeal, his attorney has asserted three assignments of error:

1.    The evidence was insufficient to convict the Mr. Perkins [the defendant] of attempted distribution of cocaine.

2.    The Trial Court erred in its denial of the motion for new trial.

3.    The sentence of 20 years at hard labor was excessive in light of the facts of the case.

Additionally, the defendant has asserted three *pro se* assignments of error:

1.    Did perjured testimony by the State's witness effect [sic] the outcome of Defendant's trial?

2.    Was entrapment used by law enforcement?

3.    Was Defendant's due process violated?

**OPINION**

*Assignment of Error No. 1 and Pro Se Assignment of Error No. 1*

In the first assignment of error asserted by his attorney, the defendant argues that the evidence presented by the state is insufficient to support his conviction of attempted distribution of cocaine. It is well established in our law that when a defendant raises the issue of sufficiency of evidence on appeal, the reviewing court must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found all of the critical elements of the

3

offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *see also State v. Ordodi*, 06-207, (La. 11/29/06), 946 So.2d 654.

It is unlawful for any person to knowingly or intentionally distribute cocaine, which is classified as a controlled dangerous substance. La.R.S. 40:967(A)(1); La.R.S. 40:964. "A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients." *State v. Anderson*, 29,282, p. 3 (La.App. 2 Cir. 6/18/97), 697 So.2d 651, 655. To establish the offense of distribution of a controlled dangerous substance, the state's burden is to establish beyond a reasonable doubt "(1) 'delivery' or 'physical transfer;' (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance." *Id.*

It is also unlawful for any person who has a specific intent to commit distribution of a controlled dangerous substance to do or omit an act with the purpose of accomplishing the commission of that offense, i.e., to attempt to commit that offense. La.R.S. 14:27(A). Specific intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). Furthermore, "[a]n attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt." La.R.S. 14:27(C).

The defendant does not seriously argue that the state failed to establish physical transfer or guilty knowledge, or that the substance transferred was not a controlled dangerous substance. Instead, he asserts that he intended that he and Ms. Guidry

4

would consume the cocaine together. Therefore, he argues, he is not guilty of distribution, but merely of possession of cocaine. The supreme court rejected a similar argument in *State v. Smith*, 04-1123 (La. 9/24/04), 885 So.2d 508, wherein it concluded that a defendant's act of taking delivery of illegal narcotics, bringing the narcotics to another's residence, and sharing the narcotics with someone at that residence sufficiently establishes the offense of distribution of a controlled dangerous substance. We find no merit in this argument as well.

The evidence establishes beyond a reasonable doubt that the defendant distributed cocaine to Ms. Guidry. The jury chose to return a responsive verdict which is clearly provided for in La.R.S. 14:27(C). Such a compromise verdict is permissible "so long as the evidence supports either the verdict given or the original charge." *State v. Charles*, 00-1611, p. 5 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, 519, *writ denied*, 01-1554 (La. 4/19/02), 813 So.2d 420 (citing *State ex rel. Elaire v. Blackburn*, 424 So.2d 246 (La.1982), *cert. denied*, 461 U.S. 959, 103 S.Ct. 2432 (1983)).

In the first assignment of error asserted by his attorney, the defendant also attacks Ms. Guidry's credibility, and the defendant does the same in his first *pro se* assignment of error. The defendant further asserts in his first *pro se* assignment of error that Chris Gray committed perjury. As pointed out in *Ordodi*, 946 So.2d 654, the reviewing court will not generally second-guess the determinations of the fact finder with regard to the weight given the respective credibility of the witnesses beyond that required under the *Jackson* standard of review. Thus, we find no merit in this issue as raised in the first assignment of error submitted through the defendant's attorney, or as asserted in his first *pro se* assignment of error.

5

***Assignment of Error No. 2 and Pro Se Assignment of Error No. 3***

In the second assignment of error filed by his attorney, the defendant asserts that the trial court erred in denying his motion for new trial. In the third *pro se* assignment of error, the defendant asserts that his due process rights were violated when the trial court denied his motion for new trial.

The defendant's motion for new trial was based on La.Code Crim.P. art. 851(5), which provides that the trial court shall grant a new trial whenever "[t]he court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right." The defendant supported his motion with an affidavit executed by his attorney wherein the attorney asserted that Ms. Guidry had revealed to him that she committed perjury when testifying at the defendant's trial. Specifically, the affidavit asserts that Ms. Guidry lied about the reasons she initially contacted the Louisiana State Police. At trial, she had testified that she contacted State Police in a last-ditch effort to address her own personal illegal narcotics problem. According to the affidavit, Ms. Guidry informed the defendant's attorney that the State Police had actually contacted her, requesting assistance in making a criminal case against the defendant.

At the hearing on the motion for new trial, Ms. Guidry testified that the information in the affidavit was false, and that the testimony she presented at trial was true. She admitted that she had given this false statement to the defendant's attorney, but said that she did so because she was pressured by friends and family. The trial court rejected the defendant's motion.

This court has routinely held that denial of a motion for new trial to serve the ends of justice is not subject to review upon appeal. *State v. Bell*, 04-1183 (La.App. 3 Cir. 3/2/05), 896 So.2d 1236, *writ denied*, 05-828 (La. 11/28/05), 916 So.2d 143; *State v. Giles*, 04-359 (La.App. 3 Cir. 10/6/04), 884 So.2d 1233, *writ denied*, 04-2756 (La. 3/11/05), 896 So.2d 62; *State v. Jason*, 01-1428 (La.App. 3 Cir. 7/10/02), 820 So.2d 1286. We choose to follow that holding and decline to review these assignments of error.

### *Pro Se Assignment of Error No. 2*

In this second *pro se* assignment of error, the defendant asks whether entrapment was used by law enforcement. However, he neither asserted nor argued this affirmative defense at trial. A legal argument cannot be made for the first time on appeal. Uniform Rules—Courts of Appeal, Rule 1-3. Therefore, we decline to consider this assignment of error as it is not properly before this court.

### *Assignment of Error No. 3*

In the third assignment of error filed by his attorney, the defendant asserts that the sentence imposed is excessive. We decline to address this assignment of error because we find that it is not properly before us.

When the state initially filed the bill of information charging the defendant with distribution of cocaine, the filing was assigned Docket Number 5949-05, and all subsequent proceedings through the January 5, 2007 hearing on the defendant's motion for new trial were heard under this docket number. However, the defendant was not sentenced under this docket number.

After his conviction, the state filed pleadings requesting that the defendant be sentenced as an habitual offender. However, the state did not file the pleadings in

7

Docket Number 5949-05, but filed the pleadings under an entirely different docket number, Docket Number 17386-06.

When the January 5, 2007 hearing began, the state made the following comment concerning the issues then before the trial court:

> Your Honor, this is *State of Louisiana vs. Timothy D. Perkins*. It is Docket No. 5949-05. Under that docket number, this defendant was found guilty of attempted distribution of cocaine.
>
> [The defendant's attorney] filed a motion for new trial which was set for today. Also, he is set for sentencing. And the State also filed under Docket No. 17386-06 a habitual offender bill.

After hearing the argument and evidence addressing the motion for new trial, the trial court rejected the motion. When the trial court inquired of the state concerning the next matter to be considered, the assistant district attorney responded that "[u]nder Docket No. 17386-06," the state had charged the defendant with being an habitual offender and requested that the trial court proceed with his sentencing "Only as it relates to habitual offender second and the offense of distribution of cocaine." When the trial court asked the defendant's attorney if he had any response, the attorney responded "No, Judge." The trial court then sentenced the defendant as an habitual offender.

On January 17, 2007, the defendant filed a document entitled "Motion for Appeal and Designation of Record." It referenced only Docket Number 5949-05 and stated the following:

> NOW INTO COURT comes defendant herein, through undersigned counsel and on suggesting to the Court that the record herein shows error to his prejudice and that he is desirous to appeal to the Third Circuit Court of Appeal of the State of Louisiana and that the Louisiana Appellate Project [Paula Marx, Regional Supervisor, P. O. Box 80006, Lafayette, LA 70598-0006] be appointed to appeal this case, pursuant to R.S. 15:150.

FURTHER, PURSUANT TO C.Cr.P.,[sic]Art. 914.1(A), the defendant respectfully Designates the entire transcript of each hearing herein and all of the pleadings for inclusion in the appellate record.

On that same day, the trial court executed an order prepared by the defendant's attorney granting the defendant's appeal and setting a return date. This order referenced only Docket Number 5940-05. The Notice of Appeal filed in this court referenced only Docket Number 5940-05. We find no motion, oral or written, that references Docket Number 17386-06.

Louisiana Code of Criminal Procedure Article 911 provides that "[a]ppeal is the exercise of the right of the state or the defendant to have a judgment or ruling reviewed by the proper appellate court." However, "[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal." La.Code Crim.P. art. 916. Thus, in this matter, jurisdiction of this court has only attached to the proceedings in Docket Number 5940-05. Because jurisdiction in Docket Number 17386-06 is still vested in the trial court, and because all sentencing issues are found in that docket number, this court has no jurisdiction to consider those issues. *See State v. Felix,* 05-637 (La.App. 3 Cir. 12/30/05), 918 So.2d 577, *writ denied,* 06-1137 (La. 11/22/06), 942 So.2d 548.

**DISPOSITION**

We affirm the defendant's conviction in all respects. We decline consideration of issues involving the excessiveness of the defendant's sentence, finding that the trial court has not been divested of jurisdiction as to those issues.

**CONVICTION AFFIRMED; SENTENCE NOT CONSIDERED.**

9