STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


10-554


STATE OF LOUISIANA

VERSUS

 TIMOTHY D. PERKINS

**********
APPEAL FROM THE
FOURTEENTH  JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 17386-06
HONORABLE G. MICHAEL CANADAY PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed Sylvia R. Cooks, Oswald A. Decuir and Elizabeth A. Pickett, Judges.

SENTENCE VACATED, CASE REMANDED FOR RESENTENCING

Carla S. Sigler
Assistant District Attorney
1020 Ryan Street
Lake Charles, LA 0601
(337) 437-3400
Attorney for the State of Louisiana


Peggy J. Sullivan
Louisiana Appellate Project
P.O. Box 2806
Monroe, LA 71207-2806
(318) 387-6124
Attorney for Defendant Timothy D. Perkins

**COOKS, Judge.**

                **FACTS AND PROCEDURAL HISTORY**

Timothy D. Perkins (Defendant) was convicted by a jury of attempted distribution of cocaine, a violation of La.R.S. 14:27 and La.R.S. 40:967(A)(1). This court affirmed that conviction in *State v. Perkins*, 07-423 (La.App. 3 Cir. 10/31/07), 968 So.2d 1178. We declined to address issues related to Defendant's sentence in that appeal finding such issues were not properly before the court. Defendant was tried and convicted on these charges in the Fourteenth Judicial District Court under Docket Number 5949-05. Defendant was also billed as a multiple felony offender, second offense, under a different docket number in the Fourteenth Judicial District Court, Docket Number 17386-06. After the jury verdict was rendered in Docket Number 5949-05, Defendant filed a motion for new trial in that matter on November 21, 2006. Following the hearing on January 5, 2007, the trial court denied Defendant's motion for new trial in Docket Number 5949-05, and immediately proceeded to hear the habitual offender charge under Docket Number 17386-06. As this court noted in *Perkins*, 968 So.2d at 1183, the state requested the court proceed with Defendant's sentencing under the habitual offender charge:

> 'Only as it relates to habitual offender second and the offense of distribution of cocaine.' When the trial court asked the defendant's attorney if he had any response, the attorney responded 'No, Judge.' The trial court then sentenced the defendant as an habitual offender.

The trial court found the state proved Defendant was a second offense habitual offender and sentenced him accordingly. This court found in *Perkins*, 968 So.2d at 1184, that "all sentencing issues are found in" Docket Number 17386-06 and therefore this court had no jurisdiction in the appeal under Docket Number 5940-05 to consider sentencing issues. The Louisiana Supreme Court first denied writs in *State v. Perkins*, 07-2408 (La.5/9/08), 980 So.2d 688 concerning Docket Number 5949-05, Fourteenth Judicial District Court. Subsequently, the Louisiana Supreme

Court granted writs in *State v. Perkins*, 09-0651 (La.1/22/10), 25 So.3d 139, and remanded, ordering the district court to grant defendant an out-of-time appeal on his habitual offender adjudication and sentence under Docket Number 17386-06 and to appoint counsel to represent him on appeal, denying Defendant's application "in all other respects." *Id.*

The trial court thereafter issued an order dated January 27, 2010 granting Defendant an out-of-time appeal to his adjudication under the habitual offender charge and the sentence imposed thereunder. Defendant now seeks review of his sentence imposed under the enhancement provisions as a second offense felony offender. He asserts two assignments of error: (1) that the trial court erred in imposing sentence without waiting twenty-four hours following the denial of Defendant's motion for new trial and (2) that the sentence imposed is excessive.

**LEGAL ANALYSIS**

Defendant relies on the provisions of La. Code Crim. P. article 873 in support of his first assignment of error. Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

The State argues in brief that because the motion for new trial was filed under the docket number for the original conviction, and sentence was imposed under a different docket number for the habitual offender proceeding, the provisions of Article 873 regarding the twenty-four hour time frame between the denial of the motion for new trial and sentencing do not apply. We must reject that argument. The Louisiana Supreme Court, in reversing our court's dismissal of an appeal, expressly

2

stated (emphasis added ) :

> Although that order of appeal carried only the docket number for the charged offense and not the separate docket number given the subsequent habitual offender proceeding, the order necessarily encompassed both defendant's conviction and sentence. *Habitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction, State v. Alexander*, 325 So.2d 777, 779 (La. 1976).

*State v. Means*, 09-1716, p. 2 (La.4/9/10), 32 So.3d 805, 806.

If, as our State Supreme Court has stated, habitual offender proceedings are a part of the original proceeding, the trial court could not properly proceed to sentencing immediately after denying Defendant's motion for new trial without waiting the required twenty-four hours. It is of no moment that the habitual offender charge is under a different docket number.

Although Defendant does not argue that he has been prejudiced in any way by the trial court's failure to wait the requisite twenty-four hours before proceeding with sentencing, we are bound by the Louisiana Supreme Court's ruling on this issue. In *State v. Augustine*, 555 So.2d 1331 (La. 1990) the Louisiana Supreme Court held:

> The last issue before us concerns the mandatory delays specified in La.C.Cr.P. art. 873 which must be observed before sentence can be imposed. Art. 873 first provides for a three day delay between conviction of the defendant and sentencing. (The original provision provided for a 24-hour delay. That was amended to three days in the 1966 Code of Criminal Procedure. 1966 La. Acts No. 310, § 1). The second requires a 24-hour delay between the denial of a new trial or judgment for acquittal, and sentencing. These statutorily mandated delays have been respected in a long line of opinions. *State v. Mistich*, 186 La. 174, 171 So. 841 (1937) called a sentence "premature and therefore void," because the sentence was imposed within the then 24-hour delay required between conviction and sentence. In *State v. George*, 218 La. 18, 48 So.2d 265 (1950), *cert. denied*, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951), the Court also addressed that same 24-hour delay, and found that "if [defendant] is denied the right to this delay, any sentence so imposed is void."

> More recent decisions of this Court include a per curiam opinion in *State v. Hampton*, 274 So.2d 383 (La.1973), and a pair of decisions

3

authored by Justice Marcus, *State v. Young*, 337 So.2d 1196 (La.1976) and *State v. Hutto*, 349 So.2d 318 (La.1977). These cases all involved a violation of the delay between denial of a new trial motion and sentencing. In *Hutto* and *Young*, the Court found that the sentence was "illegally imposed" when, just as in this case under review, both of those defendants were sentenced within 24 hours after denial of new trial motions, with neither having waived the delay. These are only a few of such decisions by this Court holding that violation of art. 873 requires remand for resentencing.

> "Article 873 uses mandatory language in requiring that twenty-four hours elapse between the overruling of a motion for new trial and sentencing when the defendant is convicted of a felony. ... The legislature in effect has said that a failure to comply with article 873 in the absence of an express waiver by the defendant affects substantial rights."

*State v. White*, 483 So.2d 1005 (La.1986), Dennis, J., dissenting in part.

Only the majority opinion in *State v. White*, 404 So.2d 1202 (La.1981) can possibly be considered at variance with this rule. But even that case is largely distinguishable from this one. We held in *White* (over the protest of two dissenting justices) that the statutory mandate of the 24-hour delay was not so imperative as to require a resentencing where the defendant could not show that he suffered prejudice from the violation. *State v. White*, however, was before us on an errors patent review (no assignments of error urged by the defendant on this issue), and the defendant was not challenging the penalty imposed.

In the case before us, Augustine did not expressly waive the delay as required by art. 873 (nor did he plead guilty); and he *does* challenge the penalty on this appeal.

Furthermore, there is no assurance that this is a "useless formality for reimposition of sentence," as was the majority's conclusion in *White*. For all we know, a reimposition might result in a sentence less than 40 years for this man, who was 18 years old at the time of the offense, who robbed his victim with a racing starter's pistol, and who did not have any prior convictions at the time of the offense.

The fact that defendant Augustine has already served 18 of his 40 years before the appeal was reviewed is no reason to deny him the treatment afforded the defendants Hutto, Young, Hampton, Scott, George, Mistich and others (citations to these cases above), who were ordered resentenced *shortly* after conviction.

The suggestion that the defendant was not harmed because his sentence was in fact not unconstitutionally excessive is not meritorious.

4

Constitutional excessiveness of sentence and illegal imposition of sentence are quite separate and distinct matters. A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration. Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive.

*Augustine*, 555 So.2d at 1333-34 (footnote omitted).

Like Augustine, Defendant did not expressly waive the delay in sentencing, he did not plead guilty, and he does challenge the sentence imposed. The sentence must be vacated and the case remanded for resentencing. In light of our decision Defendant's second assignment of error is moot and will not be considered.

**SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.**