NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**13-70**

**STATE OF LOUISIANA**

**VERSUS**

**DAVID A. NELSON**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 34884-09
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

James E. Boren
Attorney at Law
830 Main Street
Baton Rouge, Louisiana 70802
(225) 387-5788
Counsel for Defendant/Appellant:
    David A. Nelson

**Rachel I. Conner**
**Attorney At Law**
**3015 Magazine Street**
**New Orleans, Louisiana  70115**
**(504) 581-9083**
**Counsel for Defendant Appellant:**
  **David A. Nelson**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**Counsel for Appellee:**
  **State of Louisiana**

**KEATY, Judge.**

Defendant, David A. Nelson, was charged by indictment with second degree murder, a violation of La.R.S. 14:30.1. He entered a plea of not guilty. After a jury trial, Defendant was found guilty of the responsive verdict of manslaughter, a violation of La.R.S. 14:31. He was later sentenced to serve thirty years at hard labor. Defendant filed a motion to reconsider sentence which was denied.

Defendant now appeals asserting three assignments of error. First, he contends the trial court erred when it failed to instruct the jury on justification based on self-defense and defense of others. Next, he claims that the evidence adduced at trial was insufficient to disprove his claim of self-defense and defense of others. Finally, he argues that his sentence is excessive. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS

On March 28, 2009, Defendant exited the Plantation Club in Sulphur, Louisiana, and hit Chad Heath, who was standing in the parking lot, with his fist. Consequently, Heath fell backward onto the pavement. As a result of the fall, Heath suffered a fracture to the base of his skull. Heath died as a result of his injuries on April 1, 2009.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## Assignment of Error Number One

In his first assignment of error, Defendant argues that the trial court erred when it failed to instruct the jury on justification based on self-defense and defense of others. Defendant contends that, in his statement to police, which was played to the jury, he stated he was defending himself. Accordingly, he argues that the trial court should have instructed the jury on the justification of self-defense and defense of others.

The State objects to this court's consideration of Defendant's argument insisting that the argument was waived pursuant to La.Code Crim.P. art. 801 and La.Code Crim.P. art. 841. The State points out that Defendant never requested an instruction of self-defense or defense of others and that Defendant did not submit a request for a special jury charge to the trial court. The State posits that Defendant did not make such a request because he maintained that he never hit the victim. Finally, the State notes that neither self-defense nor defense of others was mentioned during opening statements, closing arguments, trial, or sentencing.

Louisiana Code of Criminal Procedure Article 801(C) provides:

> A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.

In *State v. Abdul*, 11-863 (La.App. 5 Cir. 4/24/12), 94 So.3d 801, *writs denied*, 12-1224, 12-1226 (La. 10/12/12), 99 So.3d 41, the defendant argued that the trial court erred by failing to charge the jury on the law applicable to his case concerning the defense of voluntary intoxication. The fifth circuit found the assignment of error lacked merit, stating:

Here, defendant failed to preserve the jury charge issue for review because he failed to request that an instruction regarding voluntary intoxication be given as required by LSA-C.Cr.P. art. 801(C). Moreover, the record shows that defendant did not argue that his voluntary intoxication precluded the presence of specific intent. Rather, during closing argument, defendant argued that the shooting was committed by a third person during a robbery. Also, as was stated previously, defendant told the trial judge that he was not going to raise the affirmative defense of intoxication.

*Id.* at 813.

In *State v. Grace*, 10-1222, pp. 10-11 (La.App. 3 Cir. 4/6/11), 61 So.3d 812, 821, *writ denied*, 11-961 (La. 10/21/11), 73 So.3d 382, this court declined to consider the defendant's claim that the trial court's failure to instruct the jury regarding the "untrustworthiness of accomplice testimony" warranted reversal of his convictions where the "defendant did not request such a jury instruction nor object about the lack thereof at trial."

Here, Defendant did not discuss self-defense or defense of others during opening statements or closing arguments, and there was no request for an instruction regarding justification based on self-defense and defense of others or an objection to the lack thereof. Accordingly, we will not consider this assignment of error.

## *Assignment of Error Number Two*

In his second assignment of error, Defendant contends that the evidence adduced at trial was insufficient to disprove his claim of self-defense and defense of others. He argues that he had a reasonable belief that physical intervention was necessary to protect his small-statured cousin who was surrounded by as many as six persons. Defendant posits that the State failed to prove beyond a reasonable doubt that his actions, which constituted throwing his arm in front of his cousin to

3

move his assailants back and inadvertently causing the victim's death, were not legal and justified as self-defense and defense of others.

The State counters that because Defendant never presented a justification and self-defense argument at the trial court level, it did not have to rebut an argument that was never presented. In addition, the State stresses that the record contains ample evidence to support the jury's verdict.

In *State v. Perkins*, 07-423 (La.App. 3 Cir. 10/31/07), 968 So.2d 1178, *writ denied*, 07-2408 (La. 5/9/08), 980 So.2d 688, the defendant was convicted of attempted distribution of cocaine. In a pro se assignment of error, the defendant asked whether entrapment was used by law enforcement. After noting that the affirmative defense was not raised at trial and that Uniform Rules—Courts of Appeal, Rule 1-3 prohibits appellate review of issues not submitted to the trial court, this court declined to consider the assignment of error. *See also State v. Elie*, 10-1494 (La.App. 3 Cir. 10/5/11), 74 So.3d 1216, *writ denied*, 11-2786 (La. 4/13/12), 85 So.3d 1246.

In *State v. Compton*, 11-68 (La.App. 3 Cir. 6/1/11), 66 So.3d 619, *writ denied*, 11-1362 (La. 12/2/11), 76 So.3d 1177, the defendant was convicted of two counts of battery on a police officer requiring medical attention. He appealed, arguing that the State failed to show the bites were intentional acts and not involuntary responses as a result of his being tasered. This court refused to consider the defendant's newly asserted defense, stating:

> [D]efendant attempts to present a defense both alternative to and inconsistent with the defense he presented in the trial court. To permit him to argue the defense on appeal would violate the above holding of [*State v.*] *Juluke*[, 98-341 (La. 1/8/99), 725 So.2d 1291] and allow him the unfair advantage of urging a defense that the State had no reason to challenge.

4

. . . .

> Defendant's defense on appeal is inconsistent with the defense that he presented at trial because a defense that a shooting was committed in sudden passion or heat of blood is inconsistent with a defense that a shooting was accidental. In the former instance, an intent to fire the weapon exists, while in the latter instance, no such intent is present.

*Id.* at 634 (quoting *State v. Duvall*, 97-2173, pp. 8-11 (La.App. 1 Cir. 12/28/99), 747 So.2d 793, 799-800, *writ denied*, 00-1362 (La. 2/16/01), 785 So.2d 838).

Here, Defendant did not raise self-defense or defense of others at trial. He additionally did not file a motion for new trial or motion for post-verdict judgment of acquittal on those bases. In his motion to reconsider sentence, Defendant stated that he acted under provocation. Alternatively, he claimed that even if the provocation "did not rise to the level which would substantiate a claim of self-defense, the evidence clearly show[ed] that as he exited the club, he was faced with an agitated, aggressive situation which would tend to justify his actions." Based on the State's objection to the consideration of the issue on appeal and this court's rulings in *Perkins*, 968 So.2d 1178, *Elie*, 74 So.3d 1216, and *Compton*, 66 So.3d 619, we decline to consider this assignment of error.

### *Assignment of Error Number Three*

In his third assignment of error, Defendant contends that the sentence of thirty years at hard labor for manslaughter when the proximate cause of the victim's death was a single blow outside a strip club where as many as eight individuals were involved in a fight was unconstitutionally excessive. The State counters that a sentence of thirty-five to forty years was appropriate.

"Manslaughter is a homicide committed without any intent to cause death or great bodily harm when the offender is engaged in the perpetration of any intentional misdemeanor directly affecting the person." La.R.S. 14:31(A)(2)(a). Manslaughter is punishable by up to forty years at hard labor,[1] and Defendant received a sentence of thirty years at hard labor.

> Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> > In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). . . . "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

*State v. Tall*, 12-280, pp. 7-8 (La.App. 3 Cir. 10/24/12), 100 So.3d 388, 394-95.

Defendant submits that the trial court failed to give proper consideration and, in some cases, misinterpreted the factors guiding sentencing discretion in La.Code Crim.P. art. 894.1. In fact, Defendant asserts that the presence of many of

---

[1] *See* La.R.S. 14:31(B).

the listed mitigating circumstances and the absence of many of the listed aggravating circumstances weigh in favor of a lesser sentence. Defendant argues that a single punch causing a fall which results in the victim's death does not rise to the level of what would be considered deliberate cruelty. In support of his argument, Defendant cites *State v. Freelon*, 26,938, p. 4 (La.App. 2 Cir. 5/10/95), 655 So.2d 687, 689, wherein the second circuit vacated the forty-year hard-labor sentence a sixteen-year-old defendant received after being convicted of manslaughter for shooting the victim following a fight over a baseball cap, based, in part, upon its finding that the defendant's conduct "did not show the kind of deliberate cruelty to the victim present in cases where maximum sentences have been upheld."

Defendant also argues that his sentence is unconstitutionally excessive under the circumstances, as it is disproportionate to sentences imposed in similar situations. He points to two cases where a firearm was not involved, but the victim died after receiving a blow to the head, the courts have upheld manslaughter sentencing ranges significantly lower than his thirty-year sentence. In *State v. Batiste*, 07-482 (La.App. 3 Cir. 10/31/07), 969 So.2d 704, this court upheld a twenty-year hard-labor sentence for the thirty-three-year-old defendant who had a chance to avoid the victim but instead exited his vehicle and struck the victim with one blow to the head from which he died three days later. In *State v. Thomas*, 08-113, p. 12 (La.App. 5 Cir. 6/19/08), 988 So.2d 750, 757, the court upheld a twenty-three-year hard-labor sentence for a defendant whom the trial court found had "severely beat the victim to death with a baseball bat."

Defendant alleges that he was unarmed when he struck the victim once, and the victim took an unfortunate fall to the concrete at an angle that caused fatal

7

injuries when his skull fractured. Defendant contends there was no evidence he struck the victim multiple times or intended or contemplated the victim's death. Defendant further contends that in similar, highly-mitigated situations courts have imposed significantly lesser sentences than the thirty-year sentence he received.

Citing *State v. Runyon*, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330, the State submits that the trial court complied with the mandates of Article 894.1 and, that the sentence imposed is not excessive. In *Runyon*, this court affirmed a thirty-year sentence for a defendant convicted of manslaughter for hitting the victim in the head with a log with enough force to knock the victim to the ground, despite the fact that the medical testimony indicated that the victim died as a result of several stab wounds inflicted by a co-defendant.

Recently, in *State v. Church*, 47,809 (La.App. 2 Cir. 5/22/13), 114 So.3d 1218, the second circuit affirmed a thirty-year hard-labor sentence of a defendant convicted of manslaughter in a case factually similarly to this matter. In *Church*, the victim, the defendant's co-worker, patted the defendant on the back as he walked past. The defendant, who claimed that he was startled by the victim, immediately turned and punched the victim in the head, rendering him unconscious. The victim fell backwards, striking the back of his head on the concrete pavement. Seven days later, the victim died of a brain injury caused by his fall. The defendant was convicted of manslaughter and sentenced to serve thirty years at hard labor.

On appeal, the second circuit found that the sentence imposed was not grossly disproportionate to the seriousness of the offense and was not an abuse of discretion where "the defendant did not act under strong provocation, there were

8

no substantial grounds tending to excuse the defendant's criminal conduct[,] and the victim did not induce the defendant's criminal act." *Id.* at 1226. Moreover, the court found that the "defendant knew the victim was particularly vulnerable due to [a] learning disability and diminutive size," and there was evidence "that the defendant's criminal conduct resulted from circumstances that are likely to recur because he apparently continues to feel justified in taking out his anger on a physically smaller person who 'startled' the defendant when he was having a bad day." *Id.*

At the sentencing hearing in this matter, the trial court stated that it had reviewed the pre-sentence investigation report, along with letters submitted on behalf of the victim and Defendant. The trial court then heard testimony from several family members of both the victim and Defendant, as well as from Defendant himself. Our review of the sentencing transcript indicates that the trial court adequately considered the guidelines set forth in La.Code Crim.P. art. 894.1 when imposing Defendant's sentence. First, the trial court noted that Defendant had been convicted of battery two years before this incident and was ordered to pay $4,500 in restitution and to serve probation. That probation was revoked as a result of this incident, which the trial court found to be indicative of an undue risk that Defendant would commit another crime were he to receive a suspended sentence. The trial court further expressed its belief that a lesser sentence would deprecate the seriousness of Defendant's crime and could lead him to believe that he could get away without facing the consequences of his actions, especially where someone died as a result of those actions. The trial court concluded that Defendant had not acted under any strong provocation and there were no substantial grounds tending to excuse or justify his conduct. On the other hand, the trial court

9

acknowledged that Defendant was the father or two young children and that his imprisonment would cause them excessive hardship.

Based on the ruling in *Church* and the trial court's reasons for sentencing, we cannot say the trial court abused its discretion when imposing a sentence of thirty years at hard labor. Accordingly, this assignment of error lacks merit.

## DECREE

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

10