# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-630

STATE OF LOUISIANA

VERSUS

ROBBIE RAY FRITH

**\*\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF ST. MARTIN, DOCKET NO. 11-241841
## HONORABLE LORI LANDRY, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

**CONVICTIONS AFFIRMED; SENTENCES VACATED;
AND REMANDED.**

**M. Bofill Duhe, District Attorney**
**Angela B. Odinet, Assistant District Attorney**
**St. Martin Parish Courthouse**
**415 Main Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**ATTORNEY FOR APPELLEE**
  **State of Louisiana**

**James E. Boren**
**830 Main Street**
**Baton Rouge, LA  70802**
**(225) 387-5788**
**ATTORNEY FOR DEFENDANT/APPELLANT**
    **Robbie Ray Frith**

**Rachel I. Connor**
**3015 Magazine Street**
**New Orleans, LA  70115**
**(504) 581-9083**
**ATTORNEY FOR DEFENDANT/APPELLANT**
    **Robbie Ray Frith**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On February 24, 2012, Defendant, Robbie Ray Frith, was charged with five counts of aggravated incest involving his five step-grandchildren, in violation of La.R.S. 14:78.1.[1]  Aside from count four, all other counts involved children under the age of thirteen.  Counts two and three involved his two younger step-granddaughters, and Defendant was alleged to have kissed each of them inappropriately.  With respect to count four, involving his oldest step-granddaughter who was over the age of thirteen, Defendant was alleged to have made an inappropriate comment while she was wearing a bathing suit, licked icing off her finger inappropriately and touched her leg inappropriately.  With respect to counts one and five, involving two step-grandsons, Defendant was alleged to have engages in an ongoing pattern of indecent behavior with the two boys.

Trial commenced on July 30, 2014, with the jury rendering unanimous verdicts of guilty as charged on all five counts.  On September 25, 2014, following the trial court's denial of a motion for post-verdict judgment of acquittal or new trial, Defendant was sentenced to serve thirty-five years at hard labor with the first twenty-five years to be served without benefit of probation, parole, or suspension of sentence on counts one and five; twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence with regard to counts two and three; and ten years at hard labor plus a $50,000.00 fine with regard to count four.  All of the sentences were ordered to run concurrent and Defendant was given credit for time served.

Defendant has timely appealed, alleging three assignments of error:  (1) that the trial court committed reversible error in denying Defendant's challenge for

---

[1]  The legislature repealed La.R.S. 78.1 by Acts 2014, No. 177, § 2 effective August 1, 1014, and Acts 2014, No. 602, § 7, effective June 12, 2014, re-designating the crimes Defendant was charged and convicted of to "aggravated crime against nature" under La.R.S. 14:89.1.

cause of Gilbert Blanchard; (2) Defendant was incompetent to stand trial; and (3) the trial court improperly interjected its religious beliefs into Defendant's sentencing hearing. For the following reasons, we affirm Defendant's convictions but vacate Defendant's sentences and remand for resentencing because the trial court failed to observe the twenty-four hour sentencing delay of La.Code Crim.P. art. 873.

## ANALYSIS

### I.    *Assignments of Error Pertaining to Defendant's Convictions.*

In his first assignment of error, Defendant contends the trial court erred in not granting a challenge for cause against potential juror Gilbert Blanchard. During voir dire, Mr. Blanchard exhibited some hesitation regarding whether or not he would hold it against Defendant if he chose not to testify. When asked if he would hold it against Defendant if he did not testify, Mr. Blanchard responded: "Not really, I guess." However, he also stated if Defendant chose not to testify, it would probably cause him to wonder whether or not Defendant had something to hide. Mr. Blanchard also stated he could not say absolutely that Defendant's failure to testify would not affect him.

However, Mr. Blanchard repeatedly stated he could wait until he heard all the evidence before making a decision and could base his decision on the evidence. The trial court denied Defendant's challenge for cause as to Mr. Blanchard, stating as follows:

> I don't think it was as deep as you are – Mr. Blanchard is – as we saw from the beginning, he talks out loud first and then he thinks about it afterwards. I think when we finally got to the ultimate cause of it, Mr. Blanchard, his body language, the totality of the questions and what I've come to learn about him just from the brief time he's been there – for example, he was the one that spoke out loud within five minutes, "Isn't that Gene's son?" I think he was rehabilitated. I think he can. He did get it all together. But he speaks first and then he thinks. And he thought out loud too. I think he was rehabilitated. So I'll deny that challenge for cause and note it for the record.

Defendant's argument is based on Mr. Blanchard's failure to specifically state that he would not hold Defendant's failure to testify against him. Although Defendant is correct in noting Mr. Blanchard could not "absolutely say it would not affect [him]," Mr. Blanchard did subsequently state he could wait to make his decision after he heard all the testimony.

A trial court is vested with broad discretion in ruling on challenges for cause, and these rulings will be reversed only when a review of the record as a whole reveals an abuse of discretion. *State v. Blank*, 04-204 (La. 4/11/07), 955 So.2d 90, *cert. denied*, 552 U.S. 994, 128 S.Ct. 494 (2007); *State v. Cross*, 93-1189 (La. 6/30/95), 658 So.2d 683. Furthermore, a charge of bias may be removed if the prospective juror is rehabilitated. *Id*. "A challenge for cause is often unwarranted where a prospective juror at first expresses an opinion prejudicial to the defendant, but upon further inquiry demonstrates the ability and willingness to decide the case impartially by listening to the evidence and following the trial court's instructions." *State v. Heard*, 408 So.2d 1247, 1249 (La.1982).

In *Heard*, the potential juror is question noted she had a son who was a police officer, and that she thought she might be more inclined to believe an officer than a normal individual. However, after discussion with the court and the attorneys, "she drew on her own experience and convinced the trial court that she could serve as an impartial juror." *Id*.

Additionally, in *State v. Cody*, 446 So.2d 1278 (La.App. 2 Cir. 1984), the appellate court found no error in the trial court's denial of a challenge for cause where the potential juror initially stated that the defendant would have to prove his innocence. When specifically asked whether or not she could follow the law when the trial court instructed her that she could not hold the defendant's decision to not testify against him, the potential juror stated she could follow the law and put aside her desire to hear the defendant testify.

The jurisprudence establishes a potential juror's answers as a whole should be considered in deciding whether or not to grant a challenge for cause. After a review of the record, we cannot say the trial court abused its discretion in denying Defendant's challenge for cause of Mr. Blanchard.

In his second assignment of error, Defendant argues he was legally incompetent to stand trial and that "[i]n light of the information available to it, the [trial] court should have conducted an inquiry to determine [Defendant]'s mental competency to proceed to trial." Although Defendant repeatedly alleges the trial court had information which should have prompted the court to sua sponte appoint a competency panel to determine whether or not he was competent, there is not one single example given of what information the Defendant believes was before the trial court to prompt a competency inquiry. There is simply Defendant's self-serving claim that "the trial court had adequate information sufficient to require it to make an inquiry into [Defendant]'s competency."

Due to Defendant's failure to reference anything in the record to support his basis for the claim that the trial court should have initiated its own competency investigation, we will not consider this assignment of error. *See State v. Thacker*, 13-516 (La.App. 3 Cir. 1/28/15), 157 So.3d 798; Uniform Rules—Courts of Appeal, Rule 2-12.4(9)(a).

## II.     *Assignments of Error Pertaining to Defendant's Sentences.*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find one error patent that requires we vacate Defendant's sentence and remand for resentencing.

Louisiana Code of Criminal Procedure Article 873 requires a sentencing delay of twenty-four hours after the denial of a motion for new trial or in arrest of judgment, unless the defendant expressly waives the delay. On July 31, 2014,

Defendant's trial concluded, and sentencing was set for September 25, 2014. On September 25, 2014, Defendant filed a "Motion for Post-Verdict Judgment of Acquittal or New Trial on Behalf of Defendant." That motion was denied the same day, just prior to sentencing.

After the trial court denied the motion, it did not ask the parties whether they were ready to proceed with sentencing and the trial court did not ask Defendant if he wished to waive the twenty-four hour delay required by Article 873. Thus, there was no express waiver of the twenty-four hour delay.

In *State v. Perkins*, 10-554 (La.App. 3 Cir. 12/29/10), 54 So.3d 799, the defendant argued on appeal that the trial court failed to observe the twenty-four hour delay between the denial of his motion for new trial and his habitual offender proceeding. This court strictly applied La.Code Crim.P. art 873, vacated the sentence, and remanded for resentencing, stating as follows:

> Although Defendant does not argue that he has been prejudiced in any way by the trial court's failure to wait the requisite twenty-four hours before proceeding with sentencing, we are bound by the Louisiana Supreme Court's ruling on this issue. In *State v. Augustine*, 555 So.2d 1331 (La.1990) the Louisiana Supreme Court held:
>
>> The last issue before us concerns the mandatory delays specified in La.C.Cr.P. art. 873 which must be observed before sentence can be imposed. Art. 873 first provides for a three day delay between conviction of the defendant and sentencing. (The original provision provided for a 24-hour delay. That was amended to three days in the 1966 Code of Criminal Procedure. 1966 La. Acts No. 310, § 1). The second requires a 24-hour delay between the denial of a new trial or judgment for acquittal, and sentencing. These statutorily mandated delays have been respected in a long line of opinions. *State v. Mistich*, 186 La. 174, 171 So. 841 (1937) called a sentence "premature and therefore void," because the sentence was imposed within the then 24-hour delay required between conviction and sentence. In *State v. George*, 218 La. 18, 48 So.2d 265 (1950), *cert. denied*, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951), the Court also addressed that same 24-hour delay, and found that "if [defendant] is denied the right to this delay, any sentence so imposed is void."

More recent decisions of this Court include a per curiam opinion in *State v. Hampton*, 274 So.2d 383 (La.1973), and a pair of decisions authored by Justice Marcus, *State v. Young*, 337 So.2d 1196 (La.1976) and *State v. Hutto*, 349 So.2d 318 (La.1977). These cases all involved a violation of the delay between denial of a new trial motion and sentencing. In *Hutto* and *Young*, the Court found that the sentence was "illegally imposed" when, just as in this case under review, both of those defendants were sentenced within 24 hours after denial of new trial motions, with neither having waived the delay. These are only a few of such decisions by this Court holding that violation of art. 873 requires remand for resentencing.

> "Article 873 uses mandatory language in requiring that twenty-four hours elapse between the overruling of a motion for new trial and sentencing when the defendant is convicted of a felony. . . . The legislature in effect has said that a failure to comply with article 873 in the absence of an express waiver by the defendant affects substantial rights."

*State v. White*, 483 So.2d 1005 (La.1986), Dennis, J., dissenting in part.

Only the majority opinion in State v. White, 404 So.2d 1202 (La.1981) can possibly be considered at variance with this rule. But even that case is largely distinguishable from this one. We held in *White* (over the protest of two dissenting justices) that the statutory mandate of the 24-hour delay was not so imperative as to require a resentencing where the defendant could not show that he suffered prejudice from the violation. *State v. White*, however, was before us on an errors patent review (no assignments of error urged by the defendant on this issue), and the defendant was not challenging the penalty imposed.

In the case before us, Augustine did not expressly waive the delay as required by art. 873 (nor did he plead guilty); and he *does* challenge the penalty on this appeal.

Furthermore, there is no assurance that this is a "useless formality for reimposition of sentence," as was the majority's conclusion in *White*. For all we know, a reimposition might result in a sentence less than 40 years for this man, who was 18 years old at the time of the offense, who robbed his victim with a racing starter's pistol, and who did not have any prior convictions at the time of the offense.

> The fact that defendant Augustine has already served 18 of his 40 years before the appeal was reviewed is no reason to deny him the treatment afforded the defendants Hutto, Young, Hampton, Scott, George, Mistich and others (citations to these cases above), who were ordered resentenced *shortly* after conviction.
>
> The suggestion that the defendant was not harmed because his sentence was in fact not unconstitutionally excessive is not meritorious. Constitutional excessiveness of sentence and illegal imposition of sentence are quite separate and distinct matters. A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration. Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive.

*Augustine*, 555 So.2d at 1333-34 (footnote omitted).

> Like Augustine, Defendant did not expressly waive the delay in sentencing, he did not plead guilty, and he does challenge the sentence imposed. The sentence must be vacated and the case remanded for resentencing. In light of our decision Defendant's second assignment of error is moot and will not be considered.

*Perkins*, 54 So.3d at 801-02 (alterations in original).

In this case, Defendant did not plead guilty and did not expressly waive the delay in sentencing. Therefore, as in *Perkins*, the sentence must be vacated and the case remanded for resentencing.

In light of our decision to vacate the sentence and remand, Defendant's third assignment of error asserting the trial court committed reversible error and violated his right to due process when it impermissibly injected its personal religious beliefs into his sentencing proceeding is rendered moot. The alleged impermissible injection of the trial court's personal religious beliefs occurred during the sentencing phase of trial, and did not involve Defendant's convictions. Therefore, we need not address this assignment of error, as our finding of an error patent requires we vacate Defendant's sentences and remand for resentencing.

**DECREE**

For the foregoing reasons, Defendant's convictions are affirmed. Because Defendant did not expressly waive the twenty-four hour delay required by La.Code Crim.P. art. 873, his sentences are vacated and the case remanded to the district court for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; AND REMANDED.**